613 A.2d 587

**COMMONWEALTH of Pennsylvania**

**v.**

**Charles R.T. JONES, Appellant.**

Superior Court of Pennsylvania.

Argued June 1, 1992.

Filed Aug. 19, 1992.

94

George A. Heitczman, Bethlehem, for appellant.

Marcie Marino, Asst. Dist. Atty., Allentown, for Com., appellee.

Before ROWLEY, President Judge, and WIEAND, CIRILLO, OLSZEWSKI, MONTEMURO, POPOVICH, JOHNSON, HUDOCK and FORD ELLIOTT, JJ.

MONTEMURO, Judge:

This appeal from the judgment of sentence of the Court of Common Pleas of Lehigh County, comes before an en banc panel of this Court after a hearing on remand. We affirm.

On October 11, 1985, appellant entered pleas of guilty to twenty-one counts of sexual abuse of children,[1] twenty counts of obscene and other sexual materials,[2] and twenty counts of involuntary deviate sexual intercourse.[3] In exchange for the guilty pleas, the Commonwealth *nol prossed* eighty-four (84) other counts of alleged criminal activity. The guilty pleas arose from appellant's homosexual involvement with fourteen (14) boys, ranging in age from four (4) to fifteen (15) years of age.

Appellant was initially sentenced, on May 13, 1986, to a term of consecutive and concurrent jail sentences totalling fifty to one hundred years. This sentence followed a sentencing hearing at which testimony was taken from the parents of some of the victims, the police officer who commenced the prosecution, and a psychiatrist whom appellant retained as an expert. The expert testified that appellant was suffering from pedophilia as a result of various events which had occurred during his childhood and adolescence. The expert also discussed the prospects for appellant's rehabilitation. After the sentence was rendered, appellant filed a motion for reconsideration which was denied. Appellant then appealed the judgment of sentence to this court.

In a memorandum decision, a panel of this court held that the sentence imposed was manifestly excessive. *Commonwealth v. Jones*, 367 Pa.Super. 648, 528 A.2d 257 (1987). The panel found that the lower court did not take into adequate consideration "appellant's background, his crime-free adult record, the relatively short time span during which the crimes occurred, his undisputed mental illness and expression of remorse, and the prospects of treatment of appellant's illness." Superior Court memorandum, at 3. This court also criticized the lower court for "totally ignor[ing]" evidence which suggested that appellant could return to society as a contributing member "in a reasonable period of time and under proper treatment." *Id.* at 3–4.

1. 18 Pa.C.S.A. § 6312(b).
2. *Id.* § 5903(a) and (c).
3. *Id.* § 3123(5).

After the panel's decision, the Commonwealth appealed the case to the Pennsylvania Supreme Court. Although the petition for allowance of appeal was granted, the supreme court ultimately quashed the appeal, holding that an appeal relating to the discretionary aspects of sentence "beyond the appellate court that has initial jurisdiction for such appeals," is prohibited under the sentencing statute, 42 Pa.C.S.A. § 9781(f). *Commonwealth v. Jones*, 523 Pa. 138, 565 A.2d 732 (1989). The supreme court also noted the following in regard to the remand order of the superior court:

> It is to be noted that the concern expressed by the Superior Court in this matter was that the trial court may have focused "nearly exclusively" upon the need to punish for the harm caused to the victims, and that in doing so proper consideration was not given to the mental illness under which petitioner labored at the time of these incidents and the prospects of treatment which petitioner was receiving for the malady. Nothing in the order of the Superior Court would preclude the trial court from reinstituting the same sentence if indeed that court did weigh those factors in arriving at the sentence imposed. The order of the Superior Court should not be viewed as usurping the trial court's exercise of discretion, but rather as attempting to assure that the trial judge properly weighed all of the relevant facts upon which the decision should have been made.

*Id.*, 523 Pa. at 144, 565 A.2d at 732.

After the supreme court granted the motion to quash, the case was remanded to the lower court in accordance with the superior court panel decision. A sentencing hearing was held on August 13, 1990, and the lower court heard new evidence. After the hearing, the lower court reimposed the same sentence which had been imposed on May 13, 1986. Appellant then filed this timely appeal, in which he raises the following issues:

1. Whether the sentencing court failed to follow the directive of the Superior Court to reconsider the sentence and give adequate consideration to appellant's background, his crime-free adult record, the relatively short time span dur-

ing which the crimes occurred, his undisputed mental illness, his expression of remorse, and the prospects of treatment of appellant's illness.

2. Whether the sentencing court failed to give proper reasons for its sentence and for ignoring the direction of the superior court to impose a lesser sentence.

3. Whether the sentencing court in its re-sentencing again totally ignored evidence which suggests that appellant, in a reasonable period of time and under proper treatment, may return to society as a contributing member.

4. Whether the sentencing court failed to give proper weight to appellant's mental illness and the rehabilitative needs of the appellant and to the testimony at the re-sentencing hearing that treatment for appellant's mental illness was not available in the state system until he was within one or two years of completing his minimum term.

5. Whether the sentence is manifestly excessive and comprises cruel and unusual punishment in that it comprises essentially a life sentence for the appellant.

On appeal, appellant challenges the discretionary aspects of his sentence and not its legality. In such a case, the appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal. Pa.R.A.P., Rule 2119(f), 42 Pa.C.S.A.; *Commonwealth v. Zelinski*, 392 Pa.Super. 489, 573 A.2d 569 (1990), *allocatur den.*, 527 Pa. 646, 593 A.2d 419 (1990); *Commonwealth v. Stalnaker*, 376 Pa.Super. 181, 545 A.2d 886 (1988). "Allowance of appeal may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter." 42 Pa.C.S.A. § 9781(b), referring to Chapter 97 (Sentencing). The determination of whether a particular issue constitutes a substantial question as to the appropriateness of sentence must be evaluated on a case-by-case basis; the court will be inclined to allow appeal where the appellant advances a colorable argument that the trial judge's actions were inconsistent with a specific provision of the sentencing code or contrary to the fundamen-

tal norms which underlie the sentencing process. *Commonwealth v. Catanch,* 398 Pa.Super. 466, 581 A.2d 226 (1990).

■ In the concise statement of the reasons relied upon for allowance of appeal contained in appellant's brief, he gives the following reasons for requesting appellate review of the discretionary aspects of his sentence: (1) that the sentence imposed by the lower court on remand is "manifestly unreasonable in view of any actual harm committed by defendant, and in view of the fact that he had a prior record score of zero"; (2) that the sentence imposed is "cruel and unusual in that it comprises a life sentence for conduct that did not endanger the lives of others"; and (3) that the sentencing court did not have adequate reason for imposing sentence and did not state adequate reasons for doing so. Appellant's first reason for allowance of appeal is essentially a claim that the lower court did not properly consider and/or weigh certain factors (*i.e.,* the harm caused by appellant's acts, his prior record of no offenses). Such a reason does not state a substantial question which will permit appellate review of the discretionary aspects of sentence. *See Commonwealth v. Smith,* 394 Pa.Super. 164, 575 A.2d 150 (1990) (arguments concerning weight trial court gave to legitimate sentencing factors did not raise a substantial question entitling defendant to appellate review of discretionary aspects of sentence).

■ The second reason which appellant advances for requesting allowance of appeal, that the sentence imposed was "cruel and unusual," sets forth at least a colorable argument that the trial judge's actions were contrary to the fundamental norms which underlie the sentencing process; this claim thus raises a substantial question. Appellant also raises a substantial question with his third stated reason for allowance of appeal. *See Commonwealth v. Thomas,* 370 Pa.Super. 544, 537 A.2d 9 (1988) (substantial question raised where there is an allegation that sentencing court did not adequately explain its reason for the sentence). Thus, we will permit the appeal and will address the issues appellant raises.

█ Turning to appellant's first argument on appeal, we note that he states that the panel of this court which previously decided this case specifically ordered the lower court to reduce the sentence, and that the lower court erred in failing to comply with this directive. Appellant argues that the supreme court's discussion of the superior court's action, and the proper interpretation to be placed thereon, does not excuse the lower court's failure to reduce the sentence because the supreme court quashed the appeal in this case, and its discussion of the merits was therefore *dicta*. Appellant urges that "[i]t is difficult to comprehend how a sentence of 50 to 100 years in any way takes in any account [sic] the defendant's remorse, his need for treatment, or his undisputed mental illness." (Brief for appellant, at 13.)

██ Appellant is correct in arguing that the lower court was not required to follow the suggestion of the supreme court in this case to the effect that the same sentence which was originally imposed might be reimposed. Nevertheless, we cannot fault the lower court for what appears to be compliance, or at least agreement with the supreme court's admonition. We agree with that court's statement that the superior court's prior order "should not be viewed as usurping the trial court's exercise of discretion." It is beyond question that the sentencing function is a matter vested in the sound discretion of the trial court whose judgment will not be disturbed by an appellate court in the absence of an abuse of discretion. *Commonwealth v. Green*, 494 Pa. 406, 431 A.2d 918 (1981); *Commonwealth v. Meo*, 362 Pa.Super. 328, 524 A.2d 902 (1987), *allocatur denied*, 516 Pa. 632, 533 A.2d 91 (1987). *See also Commonwealth v. Jones, supra*, 523 Pa. at 142, 565 A.2d at 734 ("[o]ne of the most important functions performed by a trial judge is the fashioning of the sanction to be imposed for those who are convicted of violating our laws"). When reviewing sentencing matters, we must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime. *Common-*

*wealth v. Fries,* 362 Pa.Super. 163, 523 A.2d 1134 (1987), *allocatur denied,* 515 Pa. 619, 531 A.2d 427 (1987).

These basic and fundamental principles demonstrate the wisdom of the supreme court's *dicta* concerning the appropriate interpretation to be given the prior superior court decision in this case. Given the essentially unfettered discretion of the trial judge in sentencing, and the complete reliance on this principle throughout our sentencing law, it was not error for the lower court on remand to decide the case in a fashion consistent with the supreme court's *dicta.* We agree that the previous decision of the superior court, if we are to find it consistent with our well-established sentencing principles, may not be interpreted as providing the lower court with an irrefutable directive to reduce the original sentence. Such a directive would be a complete rejection of basic principles of sentencing law, which we are quite sure the prior panel did not intend. Since we determine that the previous superior court decision did not bestow a directive on the lower court to reduce the original sentence, we find appellant's first issue on appeal without merit.

In his third issue on appeal, appellant argues that the lower court ignored evidence presented on remand by the National Center on Institutions and Alternatives (NCIA) in the form of a pre-sentence report prepared by that organization, and testimony offered at the hearing on re-sentencing by Hans Selvog, an employee of the NCIA. Appellant asserts that the lower court overlooked the conclusion of that evidence, which appellant characterizes as indicating that within a reasonable period of time and under proper treatment, appellant could be expected to return to society as a contributing member.

While the lower court did not adopt the conclusions of the NCIA report or its witness, appellant's claim that the lower court totally ignored this evidence is belied by the record. Prior to imposing sentence, the sentencing judge indicated that he "was very much impressed with," and "read with a great deal [of] interest the Pre–Sentence Report of the Independent Agency." The sentencing judge further stated that

he had reviewed that report in detail, as well as the pre-sentence report of the county probation office and other information presented to him on remand. The court indicated that it had considered the "undisputed mental illness" of appellant, his expression of remorse and his prospects for treatment. In his memorandum opinion, filed in connection with this appeal, the sentencing judge further stated that he had reviewed the pre-sentence report and recommendations prepared by NCIA. The judge also commended counsel for appellant on the "excellent job" he had done in preparing the case on remand, and specifically cited the NCIA report in this regard.

Given these facts of record, we would be hard pressed to say that the lower court "totally ignored" the evidence which appellant cites as having been overlooked. The record establishes that the lower court read the independent pre-sentence report and heard the testimony of the NCIA expert. The sentencing judge further indicated that he was "impressed" with the information conveyed from these sources. The fact that the lower court did not accept the conclusions of this agency does not equate to a finding that the court "totally ignored" the evidence. The record amply supports the conclusion that the lower court did indeed consider the disputed evidence.

We do not find the lower court's failure to accept the recommendations of the NCIA to be an abuse of discretion. The record establishes that the lower court was also informed by a pre-sentence report issued from the county office of probation, and that the court relied upon this report in reimposing the original sentence. Where the sentencing court has been fully informed by a pre-sentence report, its discretion should not be disturbed. *Commonwealth v. Devers*, 519 Pa. 88, 546 A.2d 12 (1988). Since the lower court was fully informed by the pre-sentence report of the county probation office, it would be error for this court to interfere with that exercise of discretion and hold that the lower court was required to adopt the findings of the NCIA. We conclude that

appellant's contention that the lower court ignored certain evidence is without merit.

Appellant also argues that the lower court failed to give proper reasons for its sentence. The standard for determining whether the sentencing judge properly stated the reasons for imposition of sentence is currently governed by the seminal case of *Commonwealth v. Devers, supra.* In *Devers,* it was held that the sentencing judge may satisfy the requirement of disclosure on the record of the reasons for imposition of a particular sentence where the judge indicates he/she has been informed by a pre-sentence report. *Commonwealth v. Devers, supra,* 519 Pa. at 101–02, 546 A.2d at 18 ("A pre-sentence report constitutes the record and speaks for itself"). The court held that the pre-sentence report informs the sentencing procedure, and having been thus informed, the sentencing court's discretion should not be disturbed. *Id.*

We have reviewed the record of the sentencing hearing on remand. At that hearing, the lower court stated on the record the reasons for its decision. The court also indicated that it had reviewed the pre-sentence report of the county probation office as well as other materials, and had relied primarily upon the probation office pre-sentence report in reaching its decision. We find the lower court's actions completely in conformance with the requirements of *Devers.*

Appellant contends that the sentencing court, in stating its reasons for re-imposition of sentence, was "clearly concerned only with the nature of the offenses and with the welfare of the victims." This statement is inaccurate and belied by the record of the sentencing hearing. A reading of the transcript of that proceeding clearly indicates that the lower court was informed by and relied upon the pre-sentencing report of the county office of probation and that he also considered the independent pre-sentence report and other evidence in reaching his decision. We find no merit to appellant's contention that the lower court stated improper reasons for its decision.

Appellant's fourth contention on appeal is that the court failed to give proper weight to his mental illness and his

rehabilitative needs, including testimony at the re-sentencing hearing that treatment for his pedophilia was not available in the state system until he was within one or two years of completing his minimum term. As we have previously indicated, an argument that the sentencing court gave improper weight to certain sentencing factors does not raise a reviewable question on appeal. *See Commonwealth v. Smith, supra. Accord Commonwealth v. Frank,* 395 Pa.Super. 412, 577 A.2d 609 (1990), *allocatur denied,* 526 Pa. 629, 584 A.2d 312 (1990); *Commonwealth v. Osteen,* 381 Pa.Super. 120, 552 A.2d 1124 (1989). We note, however, that even the witness from NCIA, at the re-sentencing hearing recommended that appellant be incarcerated for at least ten to twenty years despite his testimony that treatment is unavailable in the state institution where appellant is currently incarcerated until the last two years of one's minimum sentence. This testimony seems to demonstrate that present incarceration is more essential than is immediate treatment, although we have no doubt, and the record clearly reflects that appellant is suffering from an illness which requires treatment if he is to attempt to function in society as a law-abiding citizen. Nevertheless, we choose not to engage in extensive analysis of this issue because it is not, as we have stated, a proper issue for review on appeal from the discretionary aspects of sentence.

Appellant's final contention is that the sentence imposed by the lower court on remand "is manifestly excessive and comprises cruel and unusual punishment in that it comprises essentially a life sentence for the defendant." Appellant contends that a sentence of incarceration for the rest of appellant's life is patently excessive, and that the alleged excessiveness of the sentence constitutes cruel punishment. Appellant cites no authority in support of his position that the alleged excessiveness of the sentence imposed by the lower court constitutes cruel punishment under the Eighth Amendment. Thus, for purposes of this appeal, appellant has waived his "cruel and unusual punishment" argument, as he has simply failed to advance an appellate argument on this sub-

ject. *See Ibn–Sadiika v. Riester,* 380 Pa.Super. 397, 401–02, 551 A.2d 1112, 1114 (1988) ("[w]hen an appellant fails to carry forward, or is indecipherably vague in, argumentation upon a certain point in his appellate brief, that point is waived.").

■■■ Since appellant has waived the "cruel and unusual punishment" aspect of his last argument on appeal, his contention is reduced to an assertion that the sentence imposed was manifestly excessive. We have previously held that a claim of excessiveness of sentence does not raise a substantial question so as to permit appellate review where the sentence is within the statutory limits. *Commonwealth v. Mobley,* 399 Pa.Super. 108, 581 A.2d 949 (1990). The lower court's imposition of a sentence of fifty to one hundred years was well within the statutory limits. Involuntary deviate sexual intercourse, of which appellant was convicted of twenty counts, is a felony of the first degree punishable by a sentence of up to twenty years incarceration. 18 Pa.C.S.A. § 1103(1). Sexual abuse of children, of which appellant was convicted of twenty-one counts, is a felony of the second degree, punishable by a term of incarceration of up to ten years. *Id.* § 1103(2). Appellant was also convicted of twenty counts of obscene and other sexual materials, a misdemeanor of the first degree, punishable by a sentence of up to five years in jail. *Id.* § 1104(1). With this particular configuration of offenses, appellant was subject to a possible maximum term of confinement of up to seven hundred ten (710) years. The sentence imposed was thus well within the limits of possible sentence which the statutory scheme permits.

In addition, there was evidence of record which supports the need for a lengthy sentence. At the original sentencing hearing, appellant's expert testified that appellant is suffering from a fixated (incurable) pedophilia. The experts at both hearings agreed that a substantial period of incarceration is necessary. Both experts also testified that even after a lengthy jail term, it would be necessary for appellant to be subject to a long period of probation with very strict controls.

Appellant's expert indicated that the impulses associated with appellant's illness would diminish with the natural aging process. He also testified that appellant was a candidate for hormonal therapy to assist in control of the impulses from which he suffers. Both of these facts testify to a need to protect the public from appellant's acting out of the impulses associated with his illness for a substantial number of years.

Under the Sentencing Code, the court may impose a sentence of total confinement under the following circumstances:

if, having regard to the nature and circumstances of the crime and the history, character, and condition of the defendant, it is of the opinion that the total confinement of the defendant is necessary because:

(1) there is undue risk that during a period of probation or partial confinement the defendant will commit another crime;

(2) the defendant is in need of correctional treatment that can be provided most effectively by his commitment to an institution; or

(3) a lesser sentence will depreciate the seriousness of the crime of the defendant.

42 Pa.C.S.A. § 9725. All of these factors were present in the instant case; thus the sentence of incarceration was justifiable under the Sentencing Code. Appellant objects, however, not to the fact of incarceration but to the length of confinement imposed. We note in this regard that appellant's characterization of his sentence as a "life sentence imposed for conduct which did not endanger the life of others" is inaccurate. The sentence is more properly described as a sentence possessing a minimum of fifty years which was imposed in a case involving multiple crimes against multiple victims. We are aware that because of the length of the minimum sentence, appellant, who was born in 1947, may not survive until his parole; if he does, he will be an elderly man. Nevertheless, it is inaccurate for appellant to state that he received a life sentence for his crimes.

108

■■■■■ We also cannot say that the sentence imposed, which is significantly less than the statutory limit, was excessive. The lower court, as indicated at the sentencing hearing and in the memorandum of its decision, considered, and was permitted to consider, not only appellant's illness and his potential for rehabilitation, but also the fact of multiple convictions and multiple (fourteen) victims. *See* 42 Pa.C.S.A. § 9721(b) (sentence imposed must be consistent with "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant"). Since there were multiple convictions, the sentencing judge possessed the discretion to impose consecutive sentences. 42 Pa.C.S.A. § 9757; *Commonwealth v. Norris*, 248 Pa.Super. 330, 375 A.2d 122 (1977). The lower court utilized its discretion in this case by imposing consecutive sentences on a victim-by-victim basis and concurrent sentences on the crimes committed against the same victim. This ruling did not contravene the statutory scheme in any way.

■■■ While the sentence imposed is indeed substantial, it is within the permissible length of sentence which the legislature has provided for the crimes involved, and it does not violate any of the provisions of the Sentencing Code. In sentencing matters, the issue of a defendant's mental illness is addressed through the legislative directive that the sentencing court consider the rehabilitative needs of the defendant. *See* 42 Pa.C.S.A. § 9721(b). The legislature's directive to the sentencing court in this regard does not mandate a certain maximum amount of incarceration beyond which it will be deemed that the defendant's rehabilitative needs are not being met. A defendant's rehabilitative needs must also be balanced against other factors. *See id.* Looking at the Sentencing Code as a whole, the sentence imposed by the lower court was within its mandates and consistent with its statutory provisions. On this basis, we conclude that the sentence imposed was not manifestly excessive.

Judgment of sentence affirmed.

WIEAND, Judge, dissenting:

I respectfully dissent. In my judgment a sentence of imprisonment for not less than fifty (50) years nor more than one hundred (100) years for homosexual acts committed by this thirty-eight year old pedophile was grossly excessive and unnecessary either to protect society or to punish the offender.

When the appeal was initially before a three judge panel of the Superior Court, our colleague, Judge Beck, wrote a dissenting opinion which, in my judgment, provides an excellent analysis and correct disposition of this appeal. Therefore, I adopt her opinion and incorporate the same herein.

"In its memorandum vacating the trial court's original sentence of fifty (50) to one hundred (100) years imprisonment, [the panel] ordered the trial court to 'correct [ ] its manifestly excessive sentence.' The panel found that on the basis of the record before it, it was improper for the trial court to consign appellant to prison for what amounts to the rest of his life. The majority concludes that the prior panel did not intend to direct the court to reduce the original sentence. In the context of this case, I disagree.

"Clearly, the circumstance which factored most heavily and which ultimately persuaded the prior panel to find that the length of the sentence was manifestly excessive was the fact that the original sentence 'effectively ensure[d] that appellant will spend at least the next fifty years of his life in jail.' Further, the panel found that, in imposing this sentence, the trial court did not afford sufficient consideration to several ameliorating factors among which were appellant's background, his mental illness and his prospects for treatment. [The Superior Court] noted that the record 'suggest[ed] that appellant, in a reasonable period of time and under proper treatment, may return to society as a contributing member.' In my view, the import of our previous decision was that the trial court failed properly to weigh these factors and genuinely balance them against the undeniable gravity of these offenses in imposing its sentence. The record indicated that the sentence imposed was 'nearly exclusively' premised on the

need to punish and achieve retribution for the considerable harm done to the young victims here. In imposing a sentence which ignored even the potential for rehabilitation and discounted entirely appellant's psychological history, the panel found the court had abused its admittedly broad discretion.

"On remand, the trial court was presented with a report which outlined a sentencing plan for appellant. The report compared the original sentence given appellant to guidelines imposed in other jurisdictions for comparable offenses. The range of sentences suggested elsewhere, according to the report in evidence, [was] dramatically less severe than the original sentence imposed here. The report recommended a significant period of incarceration accompanied by treatment and followed by lengthy out-patient monitoring. It also argued for treatment as a reasonable alternative to salvage the life of appellant and allow him to successfully re-enter society eventually. However, despite the clear directive of this court to give adequate consideration to these indispensible features of the sentencing determination, the trial court reimposed its original sentence. This action was based on a record which did not significantly differ from the record upon which the panel was forced to remand in the first place. If anything, the record presented even greater support for the mitigating factors which this court found the trial court had originally ignored. Therefore, I conclude that the trial court's sentence continues to constitute an abuse of discretion. For these reasons, I dissent."