**Commonwealth v. Ervin**

*Craig Scheetz* and *Adrian Schuka,* for the Commonwealth.

*Michael K. Hollinger,* for defendant.

PARISI, *J.,* April 21, 2008—On July 6, 2007, Samuel Ervin, defendant, pled guilty to one count of rape of a child on docket number CP-06-CR-3005-2006, and an additional count of rape of a child, as well as four counts of aggravated indecent assault of a child on docket CP-06-CR-4522-2006. He was subsequently classified as a sexually violent predator at a stipulated hearing on October 15, 2007. On January 3, 2008, the defendant was sentenced to an aggregate of 36 to 88 years of incarceration: six to 20 years on each rape charge and six to 12 years on each aggravated indecent assault charge. The defendant now appeals his sentence, alleging that this court committed several errors:

(1) The trial court committed an abuse of discretion by imposing a sentence that was greater than requested by the Commonwealth;

(2) The trial court committed an abuse of discretion in sentencing the defendant by failing to take into consideration the significant amount of cooperation of the defendant;

(3) The trial court committed an abuse of discretion by inaccurately crediting the Commonwealth with taking into consideration defendant's cooperation and lack of re-victimization when the Commonwealth rendered its recommendation, where the record is devoid of any such consideration by the Commonwealth;

(4) The trial court committed an abuse of discretion by failing to take into consideration the nature of the acts committed when sentencing the defendant; specifically, sentencing defendant to consecutive six-year sentences on rape as well as the same consecutive six years on the lesser offenses (both legally and factually) of aggravated indecent assault of a child;

(5) The trial court committed an abuse of discretion by inappropriately running the lesser offenses consecutively rather than concurrently, considering defendant's overall cooperation with the police and judicial system;

(6) The trial court committed an abuse of discretion by failing to sentence defendant to an appropriate sentence after recognizing that defendant was truthful in his statements to the court and after recognizing that some of the rulings may not necessarily be fair to the defendant; and

(7) The trial court committed an abuse of discretion in that the court failed to take into consideration that, although a serious crime, other individuals have committed worse offenses and received less time.

All of the defendant's charges of error go to the discretionary aspects of his sentence. In challenging the

discretionary aspects of a sentence, an appellant must present a substantial question. 42 Pa.C.S. §9781(b). An appeal of the discretionary aspects of sentencing presents a substantial question only where the "appellant advances a colorable argument that the trial judge's actions were inconsistent with a specific provision of the Sentencing Code or contrary to fundamental norms which underlie the sentencing process." *Commonwealth v. Urrutia,* 439 Pa. Super. 227, 236, 653 A.2d 706, 710 (1995). If a sentence is within the statutory guidelines, a substantial question can be raised as to excessiveness only if the sentence is "so manifestly excessive as to [constitute] too severe a punishment." *Commonwealth v. Mouzon,* 571 Pa. 419, 430, 812 A.2d 617, 624 (2002). Similarly, a substantial question is generally not presented by challenges to consecutive sentences or by claims that the trial court improperly discounted mitigating factors. *Commonwealth v. Johnson,* 873 A.2d 704, 709 n.2 (Pa. Super. 2005); *Commonwealth v. Lopez,* 426 Pa. Super. 625, 630, 627 A.2d 1229, 1231-32 (1993). Given these standards, the defendant asserts no substantial questions worthy of appellate review.

If the appellate court finds a substantial question has been raised, the standard for review is well settled: "Sentencing is a matter vested in the sound discretion of the sentencing court whose judgment will not be disturbed on appeal absent an abuse of discretion." *Commonwealth v. Harclerode,* 768 A.2d 1132, 1134 (Pa. Super. 2001) (quoting *Commonwealth v. Adams,* 760 A.2d 33, 39 (Pa. Super. 2000)). An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the

record discloses that "the judgment exercised [was] manifestly unreasonable or the result of partiality, prejudice, bias, or ill will." *Commonwealth v. Kocher,* 529 Pa. 303, 306, 602 A.2d 1308, 1310 (1992). By contrast, "where the record [strongly indicates] that the lower court was aware of the relevant sentencing considerations and attempted to weigh them appropriately, appellate courts are not free to interfere arbitrarily." *Commonwealth v. Semuta,* 386 Pa. Super. 254, 261, 562 A.2d 894, 897 (1989) (citing *Commonwealth v. Devers,* 519 Pa. 88, 102, 546 A.2d 12, 18 (1988)). This rule of deference applies even where a sentence exceeds the sentencing guidelines, as long as the sentence is within the statutory limits and the court states valid grounds for the sentence. See *e.g., Commonwealth v. Martin,* 416 Pa. Super. 507, 611 A.2d 731 (1992) (ratifying a trial court's upward departure from the "advisory" sentencing guidelines).

In accordance with this rule of deference, the Superior Court has preserved lengthy sentences in cases of sexual abuse. *Commonwealth v. Gaddis,* 432 Pa. Super. 523, 639 A.2d 462 (1994); *Commonwealth v. Jones,* 418 Pa. Super. 93, 613 A.2d 587 (1992). For example, in *Gaddis* the defendant received an aggregate sentence of 235 to 470 years, primarily on charges related to child sexual abuse. *Gaddis, supra* at 529, 639 A.2d at 465. Even though this was effectively a life sentence, the Superior Court considered the circumstances of the case and determined that the sentence was not excessive to the point of rising to the level of stating a substantial question. *Id.* at 537-38, 639 A.2d at 469-70. Similarly, in *Jones* the trial court sentenced the defendant to 50 to 100 years of incarceration on charges arising out of his

sexual involvement with 14 boys, aged 4 to 15. *Jones, supra* at 97, 613 A.2d at 587. The Superior Court noted that the defendant had been charged with enough crimes to merit up to 710 years of incarceration if sentenced in the standard range on each count. *Id.* at 106, 613 A.2d at 593. More importantly though, the Superior Court invoked factors enumerated in the Sentencing Code as justifying the lengthy sentence: the defendant's danger to the public, his need for treatment, and the seriousness of the offenses. *Id.* at 107, 613 A.2d at 593-94 (citing 42 Pa.C.S. §9725).

In the defendant's case, the same factors warranted a strict sentence. At sentencing, this court primarily weighed the danger presented by the defendant against the possibility of a future breakthrough in rehabilitation for sexual offenders. The nature of the offenses, the singular vulnerability of the pre-school-age or mentally-retarded victims, and the defendant's horrific violation of the victims' trust—he was their teacher at a day-care center—profoundly demonstrated the threat posed by the defendant. Even considering the defendant's cooperation and displays of contrition, the circumstances of the case made even a sentence beyond the aggravated range reasonable. However, recognizing the possibility of progress in sexual offender treatment, this court left open the chance of release in 36 years. The defendant's sentence fell completely within the sentencing guidelines, the rape sentences within the standard range and the aggravated indecent assault sentences within the aggravated range. Moreover, this court took into account all the testimony and evidence provided at and before the sentencing hearing, includ-

ing non-hearsay portions of the Megan's law report, and so stated on the record.

Additionally, the defendant impliedly argues that some of the sentences should have been imposed concurrently. Considering that each count was with regard to a separate victim, this would have been inappropriate in the opinion of the trial court.

Given the circumstances of the case and the considered approach of this court, the defendant's sentence was well within this court's discretion and does not merit change on appeal.

For the foregoing reasons, it is respectfully requested that the defendant's appeal of sentence be denied.