**Commonwealth v. Lawhead**

C.P. of Lehigh County, nos. 3766/2009 and 3770/2009.

*Joan Reinsmith,* senior deputy district attorney, for Commonwealth.

*Robert Charles Patterson,* for defendant.

DANTOS, *J.,* April 21, 2010—Defendant, Charles Lawhead, has filed an appeal from this court's order entered on February 24, 2010, which denied defendant's motion for reconsideration of sentence. Accordingly, we are issuing this opinion pursuant to the provisions of Pennsylvania Rule of Appellate Procedure 1925.

The relevant facts are as follows: On December 16, 2009, the defendant entered guilty pleas in case no. 3766/2009 to criminal trespass (18 Pa.C.S §3503(a)(1)(i)), stalking (18 Pa.C.S. §2709.1(a)(1)), and possession of an instrument of crime (18 Pa.C.S. §907(a)). On the same date, the defendant entered a plea of guilty to stalking (18 Pa.C.S. §2709.1(a)(1)) in case no 3770/2009. The negotiated pleas were open pleas. Then, on February 8, 2010, this court sentenced the defendant to a term of imprisonment of not less than nine months nor more than two years on each count in case no. 3766/2009, ordered to run concurrently to each other. Additionally, on February 8, 2010, the defendant was sentenced to a term of state imprisonment of not less than two and a half years

not more than five years in case no. 3770/2009. This sentence was imposed concurrently to the sentence ordered in case no. 3766/2009. Then, on or about February 17, 2010, the defendant filed a motion for reconsideration of sentence. On or about February 24, 2010, this court denied said motion. Defendant's appeal followed on March 24, 2010.

The incidents that gave rise to the aforementioned charges in case no 3766/2009 occurred on July 25, 2009. (NT. 2/8/10, p. 7.) On this date, at approximately 9 p.m., Officer Bill Williams of the Allentown Police Department observed the defendant walking around the parking lot of a business that was closed located at 1166 North Sherman Street, Allentown. (N.T. 2/8/10, p. 7.) The defendant subsequently told the officer that he was in the area checking on an ex-girlfriend, and checking vehicles to see if she had cheated on him. A check of records revealed that there was a protection from abuse order in effect against the defendant on behalf of the ex-girlfriend, victim Michelle Costanzo. The victim's residence was located "a stone's throw away" from this location. (N.T. 2/8/10, p. 7.) During the conversation the defendant told the police that he had burglarized the victim's residence the previous evening. (N.T. 2/8/10, pp. 12, 19.) He also stated that he entered the garage when the burglar alarm was activated and he fled the scene. (N.T. 2/8/10, pp. 12, 19.) The defendant's vehicle was located adjacent to the private lot at 1302 North Sherman Street in Allentown. (N.T. 2/8/10, p. 7.) Inside the car in plain view was a journal documenting the victim's activities,[1] and a pair

---

1. From February 17, 2009, through July 25, 2009, there were 106 documented entries in the journal. (N.T. 2/8/10, p. 8.) Additionally,

of Bushnell binoculars. (N.T 2/8/10, p. 7.) The car was impounded. An inventory search of the vehicle revealed a pair of Smith and Wesson handcuffs, and a duffle bag containing rope, flashlights, a black flex cuff, wire cutters, a screwdriver, a can of WD-40 and black pliers. (N.T. 2/8/10, p 7.)

In case no. 3770/2009, on July 9, 2009, Officer Benjamin Iobst of the Allentown Police Department received a call from victim Michelle Costanzo stating that the defendant was following her. She had also seen his vehicle parked outside her home at 1904 East Woodlawn Street, Allentown, the previous day and noted no less than six separate incidents where the defendant followed her in his purple sedan or a white box truck. Further, she had video footage of the defendant approaching the front door of her residence on two separate occasions.

On March 29, 2010, this court instructed the defendant to file of record and serve upon this court a concise statement of errors complained of on appeal no later than April 19, 2010, in accordance with Pa.R.A.P. 1925(b). Defendant complied with this order. In her concise statement of errors complained of on appeal, the defendant asserts one allegation of error. Specifically, the defendant contends that this court erred in sentencing the defendant to manifestly excessive sentence. In other words, the defendant is challenging the discretionary aspects of

from July 10, 2009, the day after the defendant was arrested in case no. 3770/2009, through July 25, 2009, there were 14 entries. (N.T. 2/8/10, p. 8.) The defendant's documented journal entries indicate that he was at the victim's home, sometimes multiple times in one day. (N.T. 2/8/10, pp. 8-9.) In fact, some enteries indicate that he was inside of the victim's home, in her garage and had even tripped her alarm. (N.T. 2/8/10, p. 9.)

sentencing. *Commonwealth v. Bishop,* 831 A.2d 656, 660 (Pa. Super. 2003).

Initially this court notes that:

"Sentencing is within the sound discretion of the sentencing judge, and that decision will not be disturbed absent an abuse of discretion. *Commonwealth v. Jones,* 418 Pa. Super. 93, 613 A.2d 587, 591 (1992) (en banc). 'To constitute an abuse of discretion, the sentence imposed must either exceed the statutory limits or be manifestly excessive.' *Commonwealth v. Gaddis,* 432 Pa. Super. 523, 639 A.2d 462, 469 (1994). Nevertheless, sentencing guidelines are merely advisory, and the court may, in its discretion, sentence outside the guidelines. When a trial court deviates from the guidelines, it must state its reasons for deviation on the record at the time of sentencing or in a contemporaneous written statement. *Commonwealth v. Lawson,* 437 Pa. Super. 521, 650 A.2d 876, 881 (1994). The court must also consider the guidelines as a starting point and deviate so as to impose a sentence consistent with both the public's safety needs and the defendant's rehabilitative needs. *Id.*" *Commonwealth v. Shaffer,* 722 A.2d 195, 198-99 (Pa. Super. 1998).

If "the sentencing court proffers reasons indicating that its decision to depart from the guidelines is *not unreasonable,*" its responsibilities have been fulfilled and the appellate courts will not disturb the sentence. *Commonwealth v. Gibson,* 716 A.2d 1275, 1277 (Pa. Super. 1998). (emphasis in original)

In the instant case, the defendant's sentence for each offense was beyond the aggravated range, but within the

statutory minimum and the statutory maximum, with each count running concurrently to each other.[2] Unquestionably, the sentence imposed did *not* exceed the statutory limits. Therefore, the defendant's sentence must be evaluated to determine if it was "manifestly excessive." To do so, the following considerations must be examined:

"In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference. *Commonwealth v. Ellis,* 700 A.2d 948, 958 (Pa. Super. 1997). Where an excessiveness claim is based on a court's sentencing outside the guideline ranges, we look, at a minimum, for an indication on the record that the sentencing court understood the suggested sentencing range. 42 Pa.C.S. §9721(b). . . .When the court so indicates, it may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, the gravity of the particular offenses as it relates to the impact on the life of the victim and the community, so long as the court also states of record 'the factual basis and specific reasons which compelled him to deviate from the guideline range.'" *Commonwealth v. Mouzon,* 828 A.2d 1126, 1128 (Pa. Super. 2003). (citations omitted)

Moreover, "[i]t is well-settled that appeals of discretionary aspects of a sentence are not reviewable as a

---

2. The sentence imposed in case no. 3770/2009 was also ordered to run concurrently to the sentence imposed in case no. 3766/2009.

matter of right." *Commonwealth v. Ladamus,* 896 A.2d 592, 595 (Pa. Super. 2006); see also, *Commonwealth v. Shugars,* 895 A.2d 1270, 1274 (Pa. Super. 2006); *Commonwealth v. McNabb,* 819 A.2d 54, 55 (Pa. Super. 2003). The defendant must demonstrate that a substantial question exists concerning the sentence. *Commonwealth v. Lee,* 876 A.2d 408, 411 (Pa. Super. 2005). Furthermore, a substantial question requires something more than an allegation that the sentences imposed are excessive or harsh. *Ladamus,* 896 A.2d at 595. Consequently, defendant's assertion that this court abused its discretion by imposing an excessive and harsh sentence fails to present a substantial question to justify a review of her claim.

Additionally, even if the merit of the defendant's sentencing claim was addressed, defendant's argument must fail. The defendant's sentence must initially be evaluated to determine if there was an abuse of discretion. *Commonwealth v. Walls,* 592 Pa. 557, 926 A.2d 957 (2007). The standard of review has been explained in the following manner:

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Commonwealth v. Fullin,* 892 A.2d 843, 847 (Pa. Super. 2006), citing *Commonwealth v. Rodda,* 723 A.2d 212, 214 (Pa. Super. 1999) (en banc).

310

In imposing the defendant's sentence, this court considered the "protection of the public, the gravity of the offense as it relates to the impact on the victim[s] and the community, the defendant's rehabilitative needs, and the sentencing guidelines." 42 Pa.C.S. §9721(b); *Commonwealth v. Feucht,* 955 A.2d 377, 383 (Pa. Super. 2008). Indeed, this court considered the fact that this was not the first time that the defendant had behaved in such a manner of unwillingness to accept that a relationship was over. (N.T. 2/8/10, pp. 10-11, 32.) The court fashioned the defendant's sentence based on the actions of the defendant: the defendant maintained a log with over 100 entries detailing how he entered the victim's house, turned things on, went through her belongings, made copies of keys, used her bathroom and checked her sheets. (N.T. 2/8/10, p. 32.) The defendant had flex ties and handcuffs in his vehicle and provided an unbelievable explanation to this court for having them in his possession. (N.T. 2/8/10, p. 33.) In light of the defendant's actions, this court determined that the guidelines did not adequately account for his behavior. (N.T. 2/8/10, p. 32.) This court found the defendant to be a danger to this victim, to the community, as well as to anyone with whom he is in a relationship. (N.T. 2/8/10, p. 33.) Additionally, this court noted that the protection from abuse order did not stop the defendant. (N.T. 2/8/ 10, p. 33.) Also, the defendant's first arrest did not deter the defendant from continuing his criminal behavior. (N.T. 2/8/10, p. 33). Therefore, this court concluded that the only means to prevent the defendant from perpetrating such future criminal behavior and to protect the victim was incarceration. (N.T. 2/8/10, pp. 33, 36.)

Also, this court did not fail to consider mitigating factors. *Commonwealth v. Devers,* 519 Pa. 88, 546 A.2d 12 (1988) (holding that where a pre-sentence report exists, there is a presumption that the sentencing judge was aware of, and adequately considered, information relevant to the defendant's character, as well as any mitigating factors). In fact, the court carefully reviewed the pre-sentence investigation report, the psychological evaluation prepared by Ms. Martin, the victim impact statement, the letters and sentencing memorandum provided by Attorney Patterson, as well as heard the testimony presented at the time of sentencing. Using its discretion, this court imposed a sentence that was within the guidelines and within the law.

Accordingly, the defendant's argument is baseless and the defendant's appeal must be dismissed.