J-S80002-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALBERT EARL MORTON | |
| Appellant | No. 479 MDA 2016 |

Appeal from the Judgment of Sentence January 26, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0003513-2013

BEFORE:  LAZARUS, J., STABILE, J., and RANSOM, J.

MEMORANDUM BY LAZARUS, J.:                          **FILED JANUARY 13, 2017**

Albert Earl Morton appeals from his judgment of sentence, imposed in the Court of Common Pleas of Dauphin County, after a jury found him guilty of carrying a firearm without a license, tampering with evidence, possession of drug paraphernalia, and possession of a small amount of marijuana. Counsel has petitioned this Court to withdraw from her representation of Morton pursuant to *Anders*, *McClendon* and *Santiago*.[1]  Upon review, we affirm Morton's judgment of sentence and grant counsel's petition to withdraw.

---

[1] *Anders v. California*, 386 U.S. 738 (1967); *Commonwealth v. McClendon*, 434 A.2d 1185 (Pa. 1981); and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).

In order to withdraw pursuant to **Anders**, counsel must: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support an appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief raising any additional points that the appellant deems worthy of review. **Commonwealth v. Hernandez**, 783 A.2d 784, 786 (Pa. Super. 2001). In **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), the Pennsylvania Supreme Court held that, in order to withdraw under **Anders**, counsel must also state her reasons for concluding her client's appeal is frivolous.

Instantly, counsel's petition states that she has made an examination of the record and concluded the appeal is wholly frivolous. Counsel indicates that she supplied Morton with a copy of the brief and a letter explaining his right to proceed *pro se*,[2] or with newly-retained counsel, and to raise any other issues he believes might have merit. Counsel has also submitted a brief, setting out in neutral form the issue raised by Morton and, pursuant to the dictates of **Santiago**, explains why she believes the claim to be frivolous. Thus, counsel has substantially complied with the requirements for withdrawal.

---

[2] Morton has not submitted any additional or supplemental filings to this Court.

Counsel having satisfied the above requirements, this Court must conduct its own review of the proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous. *Commonwealth v. Wright*, 846 A.2d 730, 736 (Pa. Super. 2004).

Morton asserts that the sentence imposed by the trial court was excessive and unreasonable and did not take into consideration his rehabilitative needs. This claim implicates the discretionary aspects of Morton's sentence. Such a claim does not entitle an appellant to review as a matter of right. *Commonwealth v. Swope*, 123 A.3d 333, 337 (Pa. Super. 2015). Rather, before this Court can address such a discretionary challenge, an appellant must comply with the following requirements:

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.*, quoting *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa. Super. 2011).

Here, Morton filed a post-sentence motion raising his sentencing claim, followed by a timely notice of appeal to this Court. He has also included in his **Anders** brief a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence pursuant to

Pa.R.A.P. 2119(f). We must now determine whether Morton has raised a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

In his Rule 2119(f) statement, Morton claims that his sentence is manifestly excessive in light of the fact that he had been incarcerated for more than 6 months on this docket at the time of sentencing. This Court has held that a claim of excessiveness of sentence does not raise a substantial question where the sentence is within the statutory limits. *Commonwealth v. Coss*, 695 A.2d 831, 833 (Pa. Super. 1997), citing *Commonwealth v. Jones*, 613 A.2d 587, 593 (Pa. Super. 1992). Here, Morton was convicted of carrying a firearm without a license, a misdemeanor of the first degree carrying a statutory maximum penalty of five years. In light of the offense gravity score of 4 and Morton's prior record score of 2, the standard-range sentence for the firearms conviction[3] was RS-<12 months. Morton received a sentence of five years' intermediate punishment, with the first six months to be served on house arrest. Thus, the restrictive portion of Morton's sentence was well within the standard range of the guidelines, and his overall sentence was within the statutory maximum.

---

[3] The court also sentenced Morton to a concurrent probationary period of two years on the tampering charge. He received no further penalty on the remaining two charges.

Accordingly, Morton's claim that his sentence is excessive does not raise a substantial question.[4]

Judgment of sentence affirmed. Motion to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/13/2017

---

[4] Although he did not raise the issue in his Rule 2119(f) statement, Morton also argues that the sentencing court failed to consider his rehabilitative needs in fashioning his sentence. Here, where the restrictive portion of Morton's sentence fell well within the standard range of the guidelines, we find that this claim fails to raise a substantial question. Moreover, even if we were to address the claim on its merits, Morton would be entitled to no relief. Where, as here, the sentencing court had the benefit of a pre-sentence report, we presume that the judge was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. ***Commonwealth v. Walls***, 926 A.2d 957, 967 n.7 (Pa. 2007).