J-S06037-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KHALIL NELSON | : | |
| | : | |
| Appellant | : | No. 1561 EDA 2023 |

Appeal from the Judgment of Sentence Entered December 20, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001174-2022

BEFORE: DUBOW, J., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED MAY 20, 2024**

Khalil Nelson ("Nelson") appeals from the judgment of sentence imposed following his convictions for persons not to possess a firearm, carrying a firearm without a license, and carrying a firearm on a public street in Philadelphia.[1] We affirm.

The factual history of this case is as follows:

> [In January 2022], Police Officer [Duane] Wright (["Officer] Wright") was conducting surveillance in the area . . . when he saw [Nelson] exit an apartment complex and cross to the south side of the street. [Nelson] reached into the front of his waistband, stooped down, and placed a gun curbside near the tire of an unoccupied minivan. Afterwards, [Nelson] continued walking westbound . . .. Officer Wright radioed for back-up officers to stop [Nelson,] and he was arrested. The firearm was retrieved from the location by Officer [Ryan] Wong and subsequently determined to be a loaded Glock 22 with a laser on the bottom of the barrel.

---

[1] *See* 18 Pa.C.S.A. §§ 6105, 6106, 6108.

Trial Court Opinion, 11/30/23, at 2 (citations to the record omitted).

In October 2022, Nelson proceeded to a nonjury trial and the court found him guilty of the above-stated offenses.[2] At the sentencing hearing in December 2022, the trial court noted its review of both Nelson's criminal record and the presentence investigation report ("PSI"). *See* N.T., 12/20/22, at 5, 34-36. The trial court stated that it "[took] into consideration [that Nelson] did waive [his] right to a jury trial, saving the Commonwealth the cost and expense of such. So, [the trial court] will grant some mitigation." *Id*. at 37. The trial court then imposed a standard range sentence of six to twelve years for persons not to possess a firearm, and no further penalties for carrying a firearm without a license and for carrying a firearm in Philadelphia.[3]

Nelson filed a timely post-sentence motion, which the trial court denied by operation of law. This timely appeal followed.[4]

_____

[2] During the jury waiver colloquy, Nelson asked if having the judge, as opposed to a jury, decide his case would impact his sentence. *See* N.T., 10/18/22, at 10 (Nelson asking whether it "would be different sentencing than if I had a jury. . ."). The trial court said it would consider Nelson's waiver of a jury trial as a factor in its sentencing decision. *See id*. ("The [c]ourt always takes into consideration that you waived your right to a jury instead of [taking] the time and expense of going to a jury trial").

[3] Nelson had a prior record score of five, and the offense gravity score for persons not to possess a firearm is eleven. The sentencing guidelines called for a standard range minimum sentence of seventy-two to ninety months plus or minus twelve months for aggravating or mitigating factors. *See* N.T., 12/20/22, at 5-6.

[4] Nelson filed a timely *pro se* notice of appeal when he was technically represented by counsel. Hybrid representation is not generally accepted, but
*(Footnote Continued Next Page)*

Nelson raises the following issue for our review:

Is the sentence imposed unduly harsh and excessive under the circumstances of this case[,] where the sentencing court expressly stated during the sentencing hearing that it "will grant some mitigation[,]" but did not impose a sentence in the mitigated range of the applicable sentencing guidelines, but rather imposed a sentence in the standard range applicable under the sentencing guidelines?

Nelson's Brief at 4 (footnote omitted).

Nelson's issue implicates the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). When an appellant challenges the discretionary aspects of their sentence, this Court must consider their brief on this issue as a petition for permission to appeal. Prior to reaching the merits of a discretionary sentencing issue, this Court conducts a four-part analysis to determine the following:

[(1)] whether [Nelson] has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [*see*] 42 Pa.C.S.A. § 9781(b).

_____

the general prohibition against hybrid representation does not apply to a timely *pro se* notices of appeal. *See Commonwealth v. Williams*, 151 A.3d 621, 624 (Pa. Super. 2016).

Both Nelson and the trial court complied with Pa.R.A.P. 1925.

- 3 -

***Moury***, 992 A.2d at 170.

Nelson filed a timely notice of appeal and properly preserved his issue in his post-sentence motion and Rule 1925(b) statement. He included a Pa.R.A.P. 2119(f) statement in his brief. Thus, Nelson has met the technical requirements for seeking review of the discretionary aspects of his sentence, and we must determine whether Nelson raised substantial question.

Whether a substantial question exists is examined on a case-by-case basis. ***See Commonwealth v. Radecki***, 180 A.3d 441, 468 (Pa. Super. 2018). A substantial question exists if "the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Id***. (internal citation omitted). We examine an appellant's Pa.R.A.P. 2119(f) statement to determine whether a substantial question exists. ***See Commonwealth v. Christman***, 225 A.3d 1104, 1107 (Pa. Super. 2019). "[The] inquiry must focus on the ***reasons*** for which the appeal is sought, in contrast to the ***facts*** underlying the appeal, which are necessary only to decide the appeal on the merits." ***Id***. (emphases in original).

Bald assertions of sentencing errors will not be accepted by this Court. ***See Commonwealth v. Faison***, 297 A.3d 810, 835 (Pa. Super. 2023). "[T]he Superior Court has held that a claim of excessiveness of sentence does not raise a substantial question so as to permit appellate review where the

sentence is within the statutory limits." ***Commonwealth v. Cruz-Centeno***, 668 A.2d 536 (Pa. Super. 1995) (internal citations and quotation marks omitted). Additionally, "an allegation that a sentencing court failed to consider or did not adequately consider certain factors does not raise a substantial question that the sentence was inappropriate." ***Commonwealth v. Jones***, 613 A.2d 587, 593 (1992) (internal quotation marks omitted). This Court has previously stated that ". . . a claim that the sentencing court failed to consider or accord proper weight to a specific sentencing factor ***does not*** raise a substantial question." ***Commonwealth v. Swope***, 123 A.3d 333, 339 (Pa. Super. 2015) (internal citations omitted; emphasis in original). Similarly, "[a] claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." ***Id***. at 339 (internal citation omitted). However, a claim of excessiveness in conjunction with a failure to consider mitigating factors can raise a substantial question. ***See Radecki***, 180 A.3d at 468.

In his Rule 2119(f) statement, Nelson notes he waived his right to a jury trial and agreed to a bench trial, and the trial court expressly recognized this as a mitigating factor. ***See*** Nelson's Brief at 19.[5] He also emphasizes

---

[5] "An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a ***concise*** statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f) (emphasis added). Here, in the first six and one-half pages of the nine pages of his Rule 2119(f) statement, Nelson sets forth the facts underlying his sentencing claim and the
*(Footnote Continued Next Page)*

that "[a]t sentencing[,] both [Nelson] and his attorney expressly asked for mitigation." *Id*. at 24. Nelson asserts that the trial court said it would grant some mitigation, but it did not impose a mitigated range sentence. *See id*. at 22-23. Nelson also contends there were numerous mitigating circumstances including his age (twenty-nine years old at the time of the offenses), his consistent legitimate employment, and his "undiagnosed and untreated mental health conditions," which the trial court did not consider. *Id*. at 22, 24. In sum, Nelson claims that the trial court failed to mitigate when it said it would, and failed to adequately consider all mitigating circumstances. *See id*. at 25.

Following our review, we conclude that Nelson has failed to raise a substantial question. This Court will not accept a bald assertion of sentencing errors, *see Faison*, 297 A.3d 810 at 835, and Nelson points to no portion of the Sentencing Code or a fundamental norm of sentencing that the trial court's recognition and acceptance of mitigating circumstances requires it to impose a mitigated range sentence. Additionally, a claim arguing insufficient consideration of mitigating factors does not raise a substantial question. *Swope*, 123 A.3d 333 at 339 (internal citation omitted). Thus, Nelson has not demonstrated a colorable assertion that the trial court's sentence was

_____

governing law. *See* Nelson's Brief at 16-22. Nelson's nine-page Rule 2119(f) statement is not "concise." *Cf*. Pa.R.A.P. 2119(f).

inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms which underlie the sentencing process.

Even if Nelson raised a substantial question, no relief would be due. Our narrow and well-established standard of review for challenges to the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias[,] or ill will, or arrived a[t] a manifestly unreasonable decision.

***Commonwealth v. Torres***, 303 A.3d 1058, 1065 (Pa. Super. 2023) (citation omitted). ***See also Commonwealth v. King***, 182 A.3d 449, 454 (Pa. Super. 2018). When the sentencing court applies the sentencing guidelines, this Court may only vacate if the case involves circumstances where the application of the guidelines would be clearly unreasonable. ***See*** 42 Pa.C.S.A. § 9781(c)(2); ***see also Commonwealth v. McCarthy***, 180 A.3d 368, 380 (Pa. Super. 2018).

Our legislature has determined "the sentence imposed should call for total confinement that is consistent with . . . the protection of the public, the gravity of the offense as it relates to the impact on the . . . community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A § 9721(b). Moreover, "[i]n every case in which the court imposes a sentence for a felony . . ., the court shall make as a part of the record[] and disclose in open court at the

time of sentencing, a statement of the reason or reasons for the sentence imposed." *Id*. The trial court, however, need not undertake a lengthy discourse for its reasons for imposing a sentence. *See Commonwealth v. Conklin*, 275 A.3d 1087, 1098 (Pa. Super. 2022) (citation omitted), *appeal denied*, 285 A.3d 883 (Pa. 2022). Additionally, the sentencing guidelines are not mandatory, and trial courts retain broad discretion in sentencing. *See Commonwealth v. Walls*, 926 A.2d 957, 963-64 (Pa. 2007).

When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the appellant. *See Commonwealth v. Taylor*, 277 A.3d 577, 593 (Pa. Super. 2022). The sentencing court should consider the following factors when examining the appellant's case: criminal record, age, personal characteristics, and potential for rehabilitation. *Id*. "[W]here the sentencing judge had the benefit of a [PSI], it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Akhmedov*, 216 A.3d 307, 329 (Pa. Super. 2019) (*en banc*) (citation omitted). "The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the [PSI]; thus[,] properly considering and weighing all relevant factors." *See id*. (citation omitted).

This Court considers the following factors to assess whether the trial court imposed a reasonable sentence:

(1)     The nature and circumstances of the offense and the history and characteristics of the defendant.

(2)     The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3)     The findings upon which the sentence was based.

(4)     The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d).

Nelson argues that the imposed sentence is "unduly harsh and excessive under the circumstances of this case where the sentencing court expressly stated during the sentencing hearing that it 'will grant some mitigation' but did not impose a sentence in the mitigated range of the applicable sentencing guidelines . . . ." Nelson's Brief at 4. Nelson claims that when he agreed to waive his fundamental right to a jury trial knowingly, intelligently, and voluntarily, the trial court told him it would consider his waiver. *See id*. at 26. He points out that he expressly asked the court "for *mitigation*[]" during the sentencing hearing. *Id*. at 29 (emphasis in original); *see also* N.T., 12/20/22, 33. Nelson further claims asserts the trial court "failed to adequately consider *all* mitigating circumstances." *Id*. at 25 (emphasis included in original statement). He implies that he reasonably relied on the statements made by the trial court at trial and sentencing regarding the

consideration of mitigation factors, and contends he should have received a mitigated sentence.

The trial court concluded that its standard range sentence of six to twelve years of imprisonment, without an additional probationary period, was appropriate and reasonable. The trial court notes that it reviewed Nelson's PSI, and considered both the evidence and arguments presented by the parties at the sentencing hearing, as well as the sentencing guidelines. **See** Trial Court Opinion, 7/2/23, at 3-4, 7. The court observed that it expressly considered all relevant sentencing factors, including Nelson's "extensive criminal history." **See id**. at 5, 7. That criminal history, the court summarized, included one prior gun conviction and three probation violations after that conviction. **See** N.T., 12/20/22, 34-35. The court explained that it reviewed all mitigating factors and afforded leniency due to Nelson's waiver of his right to a jury trial. **See** Trial Court Opinion, 7/2/23, at 4.

Following our review, we discern no basis to disturb the trial court's sentence. The trial court reviewed both the nature and circumstances of the offense itself, reviewed Nelson's history and characteristics, and "carefully read the" PSI. N.T., 12/20/22, 34-35. Thus, we may presume that the court took into consideration all relevant factors. **See Akhmedov**, 216 A.3d at 329. Additionally, the trial court expressly stated that "[i]n determining [Nelson's] sentence, [it took] into account the need to protect the public, the fact that [Nelson], again, based upon [his] prior record, the [PSI] demonstrates a

history that [Nelson is] not amenable to supervision, the gravity of the offense as it relates to the impact on the community, as well as [Nelson's] rehabilitative needs." *Id*. at 36. The trial court, moreover, considered Nelson's mitigating circumstances at sentencing, but weighed those factors against his repeated probation violations on the prior gun conviction. *See id*. at 35-36. As for the trial court's representation that it would consider Nelson's waiver of a jury trial as a mitigating factor, at the sentencing hearing, the trial court affirmed that it was "taking into consideration that [he] did waive [his] right to a jury trial, saving the Commonwealth the cost and expense of such. *So, I will grant some mitigation*." N.T., 12/20/22, at 37 (emphasis added). The weight of the mitigating factors when compared to the aggravating factors does not indicate any basis for relief, and the trial court's review of both the aggravating and mitigating factors was not clearly unreasonable.

Moreover, the record belies Nelson's assertion that the trial court led him to believe that he was entitled to a mitigated range sentence. The trial court said it would consider Nelson's waiver of a jury trial as a factor in deciding his sentence, not that it would result in a mitigated range sentence. The trial court said it ". . .always takes into consideration that [Nelson] waived [his] right to a jury instead of the time and expense of going to a jury trial." *See* N.T., 10/18/22, 10. There was no guarantee, express or implied, that the court would impose a mitigated range sentence. The sentencing court stated it would grant some mitigation in the case, and did so by using Nelson's

- 11 -

waiver of a jury trial as a mitigating factor in determining sentencing.[6] Therefore, we discern no merit to his claim that he reasonably relied on a promise for a mitigated range sentence.

Based on the foregoing discussion, we discern no merit to Nelson's challenge to his sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/20/2024

---

[6] *See Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. Ct. 2009). ("The sentencing court merely chose not to give the mitigating factors as much weight as Appellant would have liked and decided that the facts did not warrant imposition of a sentence lower than the standard range. We cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court").