J. S73013/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
ISAIAH BROWN, : No. 1997 WDA 2015
:
Appellant :


Appeal from the Judgment of Sentence, November 2, 2015,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0015843-2014


BEFORE: FORD ELLIOTT, P.J.E., LAZARUS AND JENKINS, JJ.


MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED NOVEMBER 08, 2016**

Isaiah Brown appeals from the judgment of sentence of November 2,

2015, following his conviction of robbery and related charges. We affirm.

The Honorable Jill E. Rangos has set forth the history of this case as

follows:

> On August 10, 2015, Appellant, Isaiah Brown,
> pled guilty to one count each of Robbery, Burglary,
> Criminal Conspiracy, Theft by Unlawful Taking, and
> two counts of Receiving Stolen
> Property.[1][Footnote 1] On November 2, 2015, this

---

[1] The Commonwealth set forth the factual basis for the plea as follows:

> [MATTHEW J. WHOLEY, ESQ., ADA]: Thank you,
> Your Honor. At CC's ending 201415843, 15841, and
> 15779, Commonwealth would have called as
> witnesses Detective Paul Ewin, E-w-i-n, excuse me,
> Allegheny County Police, General Investigations, as
> well as others, including civilian witnesses
> Ann Wilford and Walter J. Duffin, D-u-f-f-i-n. They

Court sentenced Appellant at the Robbery count to eighteen to fifty-six months['] incarceration with a consecutive period of probation of three years, and a three-year period of probation at the Criminal Conspiracy count concurrent to the first probation, with no further penalty as to the remaining counts. Appellant filed a Post-Sentence Motion which this Court denied on November 17, 2015. Appellant filed a Notice of Appeal on December 17, 2015 and a Concise Statement of Errors Complained Of[2] on March 31, 2016.

---

would have testified that on November 6 of 2014, at approximately 3:51 a.m., the defendants – the three defendants entered the residence located at 433 East Eleventh Avenue. They were unauthorized to enter the residence. They did so by force. They, Mr. Hunter produced a firearm, and aroused Ann Wilford, the victim, out of bed, asking her, where is the money, give me the car keys, things of that nature, while pointing a gun at her. The other two co-defendants rummaged through the home. At one point Miss Wilford was taken downstairs where she produced $200 in currency, as well as the car keys to the vehicle owned by Walter J. Duffin, who was, also, asleep in the residence. The victims then left with $200 and the car keys. They took Mr. Duffin's vehicle. Police alerted to the vehicle. A high speed chase ensued, at which point the car went through several municipalities, ending up on Walnut Street in Homestead, crashing into a hillside. The occupants of the vehicle fled from the vehicle and were later apprehended, at which point each defendant gave a confession admitting to the said facts of the case. That in essence, Your Honor, would have been the Commonwealth's case.

Notes of testimony, 8/10/15 at 15-16.

[2] Pa.R.A.P. 1925(b).

> [Footnote 1] 18 Pa.C.S. §§ 3701(A)(II), 3502(A)(1), 903(C), 3921(A), and 3925(A), respectively.

Trial court opinion, 6/20/16 at 2.

Appellant has raised the following issue for this court's review, challenging the discretionary aspects of his sentence:

> Did the sentencing court abuse its discretion by imposing a sentence inconsistent with the norms underlying the Sentencing Code, failing to consider all relevant factors and focus[ing] almost exclusively on the seriousness of the offense and prior juvenile offenses to the exclusion of other pertinent factors?

Appellant's brief at 5 (capitalization omitted).

> Preliminarily, we note that "there is no absolute right to appeal when challenging the discretionary aspect of a sentence." ***Commonwealth v. Ahmad***, 961 A.2d 884, 886 (Pa.Super. 2008). An appellant must first satisfy a four-part test to invoke this Court's jurisdiction. We examine
>
> > (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> ***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa.Super. 2013) (citation omitted).

***Commonwealth v. Schrader***, 141 A.3d 558, 563 (Pa.Super. 2016).

Here, appellant filed a timely notice of appeal. He also filed a timely post-sentence motion challenging the discretionary aspects of his sentence. Appellant has included the requisite Rule 2119(f) statement in his brief. (Appellant's brief at 11-14.) Therefore, we turn to whether appellant has set forth a substantial question for this court's review.

> "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." **Commonwealth v. Edwards**, 71 A.3d 323, 330 (Pa.Super. 2013) (citations omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Id.** (citations omitted). "Additionally, we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." **Commonwealth v. Provenzano**, 50 A.3d 148, 154 (Pa.Super. 2012).

**Commonwealth v. Diehl**, 140 A.3d 34, 44-45 (Pa.Super. 2016).

In his Rule 2119(f) statement, appellant claims that he received "an excessive sentence outside of the aggravated range of the sentencing guidelines." (Appellant's brief at 13.) Appellant also alleges that he received two consecutive 3-year periods of probation, for a total of 6 years' probation. (**Id.**) Neither statement is true. In fact, the record is clear that appellant received a mitigated range sentence of 18 to 56 months' incarceration followed by 3 years of probation. (Notes of testimony, 11/2/15 at 14-15.)

Despite the fact that he received a mitigated range sentence, appellant complains that the sentencing court focused solely on the seriousness of the offense and his juvenile record, and failed to consider all of the factors required by 42 Pa.C.S.A. § 9721(b). (Appellant's brief at 12-13.) At sentencing, appellant asked for a county sentence of 11½ to 23 months, which would have represented a significant departure from the guidelines. Nevertheless, an allegation that the trial court focused solely on the seriousness of the offense sets forth a "substantial question" for review. ***Commonwealth v. Trimble***, 615 A.2d 48, 54 (Pa.Super. 1992) (citations omitted). Therefore, we will briefly address the merits of appellant's argument on appeal.

Our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.
>
> More specifically, 42 Pa.C.S.A. § 9721(b) offers the following guidance to the trial court's sentencing determination:
>
>> [T]he sentence imposed should call for confinement that is consistent with the

> protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.
>
> 42 Pa.C.S.A. § 9721(b).
>
> [*Commonwealth v.*] *Bricker*, 41 A.3d [872] at 875 [(Pa.Super. 2012)] (quotation omitted). Thus, under 42 Pa.C.S.A. § 9721(b), a "sentencing court must formulate a sentence individualized to that particular case and that particular defendant." [*Commonwealth v.*] *Boyer*, 856 A.2d [149] at 153 [(Pa.Super. 2004)].

*Commonwealth v. Clarke*, 70 A.3d 1281, 1287 (Pa.Super. 2013), *appeal denied*, 85 A.3d 481 (Pa. 2014).

Our review of the record reveals that the trial court considered all relevant factors and did not focus solely on the serious nature of the crime. The trial court was well aware of various alleged mitigating factors in appellant's favor, including the fact that he took responsibility for his actions; that he cooperated with the police investigation; that he was not the individual with the gun; that he suffered from depression and ADHD; that he grew up not knowing his father; that his grandparents who raised him passed away; and that he completed high school with a 4.0 GPA. (Notes of testimony, 11/2/15 at 3-5, 7-8.) In addition, the trial court had the benefit of a pre-sentence investigation ("PSI") report. (*Id.* at 2.) Appellant had no additions or corrections to make to the PSI report. (*Id.*)

"[W]here the sentencing judge had the benefit of a [PSI] report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Clarke**, 70 A.3d at 1287, quoting **Bricker**, 41 A.3d at 876 n.9 (quotation and quotation marks omitted); **Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa. 1988) ("It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand").

Judge Rangos ultimately rejected appellant's request for a county sentence but did agree to a mitigated range sentence, stating:

> I do think it is important to give young people a chance to turn their lives around. As I said at the earlier hearing, their behavior on this instance was very concerning. And I do not have a crystal ball. I do, however, have the benefit of a [PSI] Report. And with regard to [appellant], as a juvenile, two prior gun cases.[3] *** So I do not see any reason to go below the mitigated range for either of them. I do want to give them an opportunity, though, to be successful, and I will allow them to demonstrate that to me by giving them the bottom of the mitigated range with a longer tail so that they can obtain their GEDs, do all of the things that they've indicated the desire to do and demonstrate that they do want to become productive members of society.

---

[3] To the extent that appellant argues his juvenile history was already accounted for in his prior record score and should not have been considered, this particular issue was not raised either in his post-sentence motion or in his Rule 1925(b) statement; therefore, it is waived on appeal. Pa.R.A.P. 302(a); Pa.R.A.P. 1925(b)(4)(vii); **Commonwealth v. Reeves**, 778 A.2d 691, 692 (Pa.Super. 2001) ("issues challenging the discretionary aspects of sentencing must be raised in a post-sentence motion or by raising the claim during the sentencing proceedings" (citation omitted)).

Notes of testimony, 11/2/15 at 13-14.

There is no merit to appellant's claim that the trial court abused its discretion in sentencing. As demonstrated *supra*, the trial court thoughtfully considered all relevant factors and did not focus solely on the seriousness of the charges. To the extent appellant argues that the trial court gave insufficient weight to certain mitigating factors, including his mental health issues and family history, he fails to raise a substantial question of inappropriateness. *Commonwealth v. Lopez*, 627 A.2d 1229 (Pa.Super. 1993) (allegation that sentencing court failed to attach sufficient weight to mitigating factors of record does not present a substantial question); *Commonwealth v. Jones*, 613 A.2d 587 (Pa.Super. 1992), *appeal denied*, 629 A.2d 1377 (Pa. 1993) (arguments that sentencing court improperly weighed various legitimate factors does not raise a substantial question); *Commonwealth v. Williams*, 562 A.2d 1385, 1388 (Pa.Super. 1989) (an allegation that the trial court did not adequately consider certain mitigating factors is, in effect, a request that this court substitute its judgment for that of the trial court in fashioning appellant's sentence).

Judgment of sentence affirmed.

J. S73013/16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/8/2016