904 A.2d 911

**COMMONWEALTH of Pennsylvania, Appellant**

**v.**

**James Charles KLUEBER, Appellee.**

Supreme Court of Pennsylvania.

Argued Oct. 19, 2005.

Decided Aug. 23, 2006.

John Michael Morganelli, for the Com. of PA., appellant.

Michael Canick Schwartz, Philadelphia, for James Charles Klueber, appellee.

BEFORE: CAPPY, C.J., CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and BAER, JJ.

## *ORDER*

PER CURIAM.

Appellee was convicted of 134 counts of Sexual Abuse of Children, 18 Pa.C.S. § 6312, relating to his possession of child pornography. The trial court sentenced appellee to three to six months imprisonment on each count, all to run consecutively, for a cumulative sentence of 33½ to 67 years imprisonment. *See* N.T. Sentencing, 9/12/03, at 52. The Superior Court vacated the trial court's sentence.

The trial court relied on appellee's prior history and conducted a lengthy sentencing hearing before finding appellee was a high risk for re-offense and was an active danger to the public. *See id.* The sentence was within the standard range

and the Superior Court erred in vacating the trial court's sentence. *See* 42 Pa.C.S. § 9781(c)(1)-(3) (appellate court may vacate sentence falling within guidelines if it is considered unreasonable); *Commonwealth v. Smith*, 543 Pa. 566, 673 A.2d 893, 895 (1996) (sentence disturbed on appeal only if abuse of discretion exists). The Superior Court inappropriately relied on a study that was not introduced at the sentencing hearing, *see Commonwealth v. Young*, 456 Pa. 102, 317 A.2d 258, 264 (1974); *Murphy v. Murphy*, 410 Pa.Super. 146, 599 A.2d 647, 652 (1991), and inappropriately ordered a different trial judge hear the case on remand. *See* Pa. Const. art. V, § 10(a); 42 Pa.C.S. § 502; *In re Avellino*, 547 Pa. 385, 690 A.2d 1138, 1140–42 (1997) (this Court has supervisory and administrative authority over state courts, including, but not limited to, assignment of trial court judges).

For the above reasons, the Order of the Superior Court is hereby **REVERSED.**

Chief Justice CAPPY, Justice CASTILLE, and Justice EAKIN join the per curiam order reversing the Order of the Superior court.

Former Justice NIGRO did not participate in the decision of this case.

Justice NEWMAN and Justice BAER would reverse the order of the Superior Court based solely on the fact that the trial court did not abuse its discretion in sentencing Appellee. In light of this disposition, it is unnecessary to decide the remaining issues.

Justice SAYLOR dissents.