J-S04046-16

2016 PA Super 41

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
          Appellee :
:
          v. :
:
JAMES PAUL FINNECY, :
:
          Appellant : No. 1871 WDA 2015

Appeal from the Judgment of Sentence October 7, 2014,
in the Court of Common Pleas of Venango County,
Criminal Division, at No(s): CP-61-CR-0000498-2013
CP-61-CR-0000688-2009

BEFORE:   BOWES, OLSON, and STRASSBURGER, JJ.*

CONCURRING OPINION BY STRASSBURGER, J.:**FILED FEBRUARY 18, 2016**

    I join the Majority Opinion. I agree with the Majority that Appellant's conviction for resisting arrest renders him ineligible for the RRRI program. I also agree that the trial court did not abuse its discretion in not ordering a new PSI report. Finally, I agree that the trial court did not abuse its discretion in sentencing Appellant to 12½ to 25 years of incarceration. I write separately, however, to point out just how much discretion the trial court had in the instant matter.

    Instantly, if all of Appellant's sentences had been ordered to run concurrently, he would have received an aggregate sentence of 2½ to 5 years' incarceration. As the trial court pointed out, all sentences running consecutively would have resulted in 41 to 82 years' incarceration. N.T., 10/7/2014, at 38. Either way, for all practical purposes, this Court would be required to affirm Appellant's judgment of sentence at either end and for

*Retired Senior Judge assigned to the Superior Court.

anything in between. **See Commonwealth v. Klueber**, 904 A.2d 911 (Pa. 2006) (holding that standard range consecutive sentences are not clearly unreasonable where the trial court relies on the defendant's prior history and a finding that he was a high risk to re-offend).

This type of virtually unfettered discretion results in similarly situated defendants being treated disparately, a situation our jurisprudence should not countenance.