J-S79014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARK WOLF | |
| Appellant | No. 125 EDA 2016 |

Appeal from the Judgment of Sentence November 12, 2015
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0005714-2015;
CP-09-CR-0005845-2015

BEFORE:  GANTMAN, P.J., MOULTON, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:          **FILED NOVEMBER 01, 2016**

Appellant, Mark Wolf, appeals from the judgment of sentence entered in the Bucks County Court of Common Pleas, following his open guilty plea to two counts of retail theft and one count of receiving stolen property.[1]  We affirm.

In its opinion, the trial court fully and correctly set forth the relevant facts of this case.  Therefore, we have no reason to restate them. Procedurally, the Commonwealth charged Appellant with the various offenses on October 8, 2015.  Appellant entered an open guilty plea to all offenses on November 12, 2015.  The same day, the court sentenced

_____

[1] 18 Pa.C.S.A. §§ 3929(a)(1) and 3925(a), respectively.

Appellant to consecutive terms of nine (9) to eighteen (18) months' incarceration on each count of retail theft; Appellant's receiving stolen property charge merged for sentencing purposes with retail theft. Thus, the court imposed an aggregate sentence of eighteen (18) to thirty-six (36) months' incarceration. On Monday, November 23, 2015, Appellant timely filed a post-sentence motion, which the court denied on December 4, 2015. On December 31, 2015, Appellant filed a notice of appeal. The court ordered Appellant on January 11, 2016, to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied on January 28, 2016.

Appellant raises the following issue for our review:

> DID THE SENTENCING COURT ABUSE ITS DISCRETION BY SENTENCING APPELLANT TO SERVE CONSECUTIVE SENTENCES OF INCARCERATION THAT AGGREGATED TO A STATE PRISON SENTENCE BY NOT CONSIDERING MITIGATING EVIDENCE, AND RELYING ON FACTORS THAT WERE ALREADY CONTEMPLATED BY THE AVAILABLE SENTENCING GUIDELINES?

(Appellant's Brief at 4).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra,* 752 A.2d 910, 912 (Pa.Super. 2000). Prior to reaching the merits of a discretionary aspects of sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and

modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Evans,*** 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary aspects of sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing. ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa.Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. ***Commonwealth v. Mouzon***, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to exceptional cases." ***Commonwealth v. Phillips,*** 946 A.2d 103, 112 (Pa.Super. 2008), *appeal denied*, 600 Pa. 745, 964 A.2d 895 (2009), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009).

The determination of what constitutes a substantial question must be

evaluated on a case-by-case basis. ***Commonwealth v. Anderson***, 830 A.2d 1013 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra, supra*** at 913. A claim of excessiveness can raise a substantial question as to the appropriateness of a sentence under the Sentencing Code, even if the sentence is within the statutory limits. ***Mouzon, supra*** at 430, 812 A.2d at 624. Importantly, a claim that the court double-counted a defendant's prior record raises a substantial question. ***Commonwealth v. Goggins***, 748 A.2d 721, 732 (Pa.Super. 2000) (*en banc*), *appeal denied*, 563 Pa. 672, 759 A.2d 920 (2000). Additionally:

> Pennsylvania law affords the sentencing court discretion to impose [a] sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion does not raise a substantial question. In fact, this Court has recognized the imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.

***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa.Super. 2013), *appeal denied*, 621 Pa. 692, 77 A.3d 1258 (2013) (internal citations and quotation marks omitted).

Here, Appellant properly preserved his discretionary aspects of

sentencing claim in his post-sentence motion and Rule 2119(f) statement; and his claim that the court double-counted his prior convictions by focusing on his previous offenses at sentencing appears to raise a substantial question as to the discretionary aspects of his sentence. *See Goggins, supra*.

Our standard of review of a challenge to the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Hyland*, 875 A.2d 1175, 1184 (Pa.Super. 2005), *appeal denied*, 586 Pa. 723, 890 A.2d 1057 (2005) (quoting *Commonwealth v. Rodda*, 723 A.2d 212, 214 (Pa.Super. 1999) (*en banc*)).

Pursuant to Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "[T]he court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence

imposed." *Id.* Nevertheless, "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question…." *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa.Super. 2010), *appeal denied*, 608 Pa. 661, 13 A.3d 475 (2010). Rather, the record as a whole must reflect the sentencing court's consideration of the facts of the case and the defendant's character. *Id.* "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." *Commonwealth v. Griffin,* 804 A.2d 1, 10 (Pa.Super. 2002), *appeal denied*, 582 Pa. 671, 868 A.2d 1198 (2005), *cert denied*, 545 U.S. 1148, 125 S.Ct. 2984, 162 L.Ed.2d 902 (2005). As a general rule, "a sentencing court may not 'double count' factors already taken into account in the sentencing guidelines." *Goggins, supra* at 732. Nevertheless, "courts are permitted to use prior conviction history and other factors included in the guidelines if, they are used to supplement other extraneous sentencing information." *Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa.Super. 2006).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Diane E. Gibbons, we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (*See* Trial Court Opinion, filed April 19, 2016, at 4-6) (finding:

transcript from sentencing hearing shows court discussed Appellant's long-term drug abuse; court considered Appellant's drug treatment efforts, but found Appellant enrolled in treatment only in response to incarceration rather than of his own volition; court noted Appellant's prior record score of five, which indicated Appellant was likely to reoffend; court imposed sentences within standard range; court's observation of Appellant's lengthy criminal history before court imposed consecutive sentences was not abuse of discretion; court fashioned sentence based on individual circumstances involved in Appellant's case; sentence imposed was therefore reasonable). Accordingly, we affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/1/2016

# IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

| | | | |
|---|---|---|---|
| **COMMONWEALTH OF PENNSYLVANIA** | : | No. | **CP-09-CR-0005714-2015** |
| | | | **CP-09-CR-0005845-2015** |
| **v.** | : | | |
| | | | **[125 EDA 2016]** |
| **MARK JOSEPH WOLF** | : | | |

## OPINION

On November 12, 2015, on Docket Number CP-09-CR-0005714-2015, the Defendant, Mark Joseph Wolf, entered a guilty plea to retail theft[1] and receiving stolen property[2] and was sentenced to a term of incarceration of nine months to eighteen months. On that same date, on Docket Number CP-09-CR-0005845-2015, the Defendant also entered a guilty plea to retail theft[3] and was sentenced to a consecutive term of incarceration for nine months to eighteen months.[4] The Defendant thereafter filed a timely appeal challenging the sentences imposed.

## Facts

### Information number 5714 of 2015

On July 24, 2015, the Defendant entered the Giant Food Store located on New Falls Road in Middletown Township, Bucks County. He selected ten DVD movies and left the store without paying for the items. The total value of the merchandise was $89.90.

On August 14, 2015, the Defendant entered the same Giant Food Store and selected forty-eight cans of Red Bull energy drink. He placed the merchandise in a shopping basket and left the store without paying for the items. The total value of the merchandise was $101.32.



---

[1] 18 Pa.C.S. § 3929(a)(1).
[2] 18 Pa.C.S. § 3925(a).
[3] 18 Pa.C.S. § 3929(a)(1).
[4] The Defendant filed a motion to reconsider sentence on November 23, 2015. That motion was denied by Order dated December 3, 2015.

On August 16, 2015, the Defendant and an unknown white female entered the same Giant Food Store. They selected three Sonicare toothbrushes, three refills and twenty-one assorted cosmetic items. The Defendant placed the merchandise in a shopping basket and left the store without paying for the items. The total value of the merchandise was $439.33.

### Information number 5845 of 2015

On August 19, 2015, the Defendant entered the Giant Food Store located at 2721 Street Road in Bensalem Township, Bucks County. He selected multiple items that included makeup and toiletry products. He then concealed some the items in his pants and some of the items in a shopping basket. He left the store without paying for the merchandise. The total value of the merchandise was $260.70.[5]

### Sentencing

At the time of sentencing, the Commonwealth introduced the following information regarding the Defendant's prior record. The Defendant's criminal history began in 2007. On October 11, 2007, he was convicted of a driving under the influence offense. On December 3, 2007, he was convicted of a felony one burglary offense. On August 5, 2010, he was convicted of a second driving under the influence offense that involved an automobile collision. On September 27, 2012, he was convicted of possession of a controlled substance. On August 20, 2015, the day after the last retail theft committed in these cases, the Defendant was convicted of retail theft.[6] The only mitigating evidence offered by the Defendant was that he waived his preliminary hearing, that he was taking responsibility for his actions and that he spent approximately twenty days in a treatment facility. That treatment occurred only after he was

---

[5] N.T. 11/12/15 pp. 18-22.
[6] N.T. 11/12/15 pp. 22-24.

2

incarcerated on these offenses. He was released to the drug treatment facility as a condition of a

bail reduction.[7]

## Issue on Appeal

The sole issue on appeal is whether this Court imposed "an unduly harsh aggregated

sentence of not less than eighteen months nor more than thirty-six months in a state correctional

facility by not considering [the Defendant's] mitigating evidence and relying on facts already

contemplated by the Sentencing Guidelines.[8] The standard of review in sentencing matters is set

forth in Commonwealth v. Walls, 592 Pa. 557, 926 A.2d 957, 961-962 (2007) (footnotes

omitted):

> Our Court has stated that the proper standard of review when
> considering whether to affirm the sentencing court's determination
> is an abuse of discretion. Commonwealth v. Smith, 543 Pa. 566,
> 673 A.2d 893, 895 (1996) ("Imposition of a sentence is vested in
> the discretion of the sentencing court and will not be disturbed
> absent a manifest abuse of discretion."). As stated in Smith, an
> abuse of discretion is more than a mere error of judgment; thus, a
> sentencing court will not have abused its discretion unless "the
> record discloses that the judgment exercised was manifestly
> unreasonable, or the result of partiality, prejudice, bias or ill-will."
> Id. In more expansive terms, our Court recently offered: "An
> abuse of discretion may not be found merely because an appellate
> court might have reached a different conclusion, but requires a
> result of manifest unreasonableness, or partiality, prejudice, bias,
> or ill-will, or such lack of support so as to be clearly erroneous."
> Grady v. Frito-Lay, Inc., 576 Pa. 546, 839 A.2d 1038, 1046 (2003).
>
> The rationale behind such broad discretion and the concomitantly
> deferential standard of appellate review is that the sentencing court
> is "in the best position to determine the proper penalty for a
> particular offense based upon an evaluation of the individual
> circumstances before it." Commonwealth v. Ward, 524 Pa. 48,
> 568 A.2d 1242, 1243 (1990); see also Commonwealth v. Jones,
> 418 Pa.Super. 93, 613 A.2d 587, 591 (1992) (en banc) (offering
> that the sentencing court is in a superior position to "view the
> defendant's character, displays of remorse, defiance or indifference

---

[7] N.T. 11/12/15 pp. 25-26.

[8] Statement of Matters Complained of on Appeal p. 1 ¶ 1.

3

and the overall effect and nature of the crime."). Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed. Even with the advent of the sentencing guidelines, the power of sentencing is a function to be performed by the sentencing court. Ward, 568 A.2d at 1243. Thus, rather than cabin the exercise of a sentencing court's discretion, the guidelines merely inform the sentencing decision.

In the instant case, this Court imposed a sentence within the standard range of the sentencing guidelines in both cases.[9] The standard of review of a sentence within the guidelines is set forth in the Sentencing Code which provides, in pertinent part:

> **(c) Determination on appeal.**-The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
> ***
>
> (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be *clearly unreasonable*.

42 Pa.C.S. §9781(c) (emphasis added).

In imposing sentence, this Court stated,

> I take into account that there is a certificate of achievement presented by the staff at White Deer Run in Allenwood, presented for successfully completing chemical dependency treatment program in September of 2015.
>
> I note, however, this was done in response to incarceration, and not done of his own volition.
>
> I take into account the sentencing guidelines which on each case calls for incarceration.

---

[9] The offense gravity score was two. The prior record score was five. The guidelines therefore provided for the following sentencing ranges: Mitigated – RS; Standard – one month to nine months; Aggravated – nine to twelve months.

4

> I note that you have a prior record score of five, which is the maximum you can have.
>
> I note that the fact that you already burglarized somebody's home and hurt somebody as a result of this drug addiction you continued.
>
> I note that . . . intervention has had no impact on you whatsoever. You continue to engage in crime. And you refuse to do what you need to do to try to deal with this addiction unless you are incarcerated or forced to do so.
>
> ***
>
> This is going to stop. This crime wave is going to stop. You have been unable to stop it yourself. The only way I can prevent you from engaging in -- continuing to engage in criminal conduct is to remove you from the community and place you and force you to undergo therapeutic treatment in the State Correctional System.[10]

The Defendant's assertion that the sentence imposed was unreasonable because this Court failed to consider the mitigating evidence is not supported by the record. This Court clearly considered the Defendant's drug treatment efforts but found them to be inadequate. The Defendant's claim that this Court improperly considered the Defendant's lengthy criminal background in deciding to impose consecutive sentences is also without merit. See Commonwealth v. Klueber, 588 Pa. 401, 904 A.2d 911 (2006) (Standard range consecutive sentences are not clearly unreasonable where the trial court relies on the defendant's prior history and a finding that he was a high risk to re-offend); Commonwealth v. Dodge, 77 A.3d 1263, 1277-78 (Pa.Super.2013) (In imposing consecutive sentences, sentencing court's reliance on Appellant's lengthy criminal background as well as the sheer number of victims involved in handing down its sentence, and its belief that Appellant's apology to his victims rang hollow was not abuse of discretion). This Court determined the proper penalty to be imposed based upon the individual circumstances involved. Given the Defendant's criminal history and long-term drug

---

[10] N.T. 11/12/15 pp. 29-31.

5

abuse, this Court properly concluded that a lengthy period of incarceration was necessary. The sentence imposed is therefore "reasonable" within the meaning of 42 Pa.C.S. § 9781(c).

For the aforementioned reasons, the Defendant's challenge to the sentence imposed is without merit.

BY THE COURT:

4-18-16
**Date**

DIANE E. GIBBONS, J.

6