J-S23004-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CARLOS MONTANO :
:
Appellant : No. 1697 MDA 2021

Appeal from the Judgment of Sentence Entered November 18, 2021
In the Court of Common Pleas of Lancaster County
Criminal Division at No:  CP-36-CR-0005841-2019

BEFORE:   STABILE, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:                **FILED OCTOBER 14, 2022**

Appellant, Carlos Montano, appeals from a judgment of sentence entered on November 18, 2021 in the Court of Common Pleas of Lancaster County.  Appellant argues that the sentence imposed by the trial court was excessive.  Following review, we affirm.

As the trial court explained, on September 13, 2021, Appellant entered an open guilty plea to one count each of simple assault and persons not to possess firearms, and two counts of recklessly endangering another person ("REAP").[1]  Rule 1925(a) Opinion, 2/3/22, at 1 (unnumbered).  After ordering and reviewing a pre-sentence investigation report, the court conducted a

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2701(a)(3), 6105(a)(2)(i), and 2705, respectively.

sentencing hearing on November 18, 2021. The court sentenced Appellant to consecutive terms of imprisonment of one to two years for simple assault, seven to fourteen years for persons not to possess, and one to three years for one count of REAP. The remaining REAP count merged with the persons not to possess count for sentencing. The aggregate sentence totaled nine to nineteen years of incarceration.[2] **_Id._** at 1-2 (unnumbered).

Appellant filed a post-sentence motion seeking reconsideration of his sentence. The trial court denied the motion and this timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925. In this appeal, Appellant challenges the discretionary aspects of his sentence and ask us to consider the following issue:

> [Appellant's] sentence was excessive and an abuse of discretion. Sentence exceeded by four years the Commonwealth's recommendation and exceeded the guidelines without any on-the-record explanation for such deviation as required.

Appellant's Brief at 7.

As this Court has explained:

> Our standard of review in assessing whether a trial court has erred in fashioning a sentence is well settled. "[T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion." **_Commonwealth v. Provenzano_**, [] 50 A.3d 148, 154 (Pa. Super. 2012) (quoting **_Commonwealth v. Walls_**, 592 Pa. 557, 926 A.2d 957, 961 (Pa. 2007)). "[A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised

---

[2] We have taken the liberty of correcting the trial court's calculation of the aggregate sentence.

- 2 -

was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will." *Id.* "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Id.*

***Commonwealth v. Bullock, 170 A.3d 1109, 1126 (Pa. Super. 2017).***

We begin our review of Appellant's issue by noting that "[a] challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." ***Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). To challenge the discretionary aspects of his sentence, Appellant must invoke this Court's jurisdiction by satisfying a four-part test. As this Court explained in ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010):

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (citation omitted).[3] Here, Appellant filed a timely notice of appeal, preserved the issue in a post-sentence motion, and included a Rule 2119(f) statement in his brief. As such he has satisfied the first three parts of **Moury**'s four-part test. With regard to the fourth part, *i.e.*, the substantial question:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.
>
> As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. **Commonwealth v. Malovich**, 903 A.2d 1247, 1252 (Pa. Super. 2006). An appellant must articulate the reasons the sentencing court's actions violated the sentencing code. **Id.**

*Id.* at 170 (internal quotations and some citations omitted).

Appellant contends the trial court abused its discretion by imposing an excessive sentence because the court ordered "what amounted an above-the-

_____

[3] As this Court recognized in **Commonwealth v. Tirado**, 870 A.2d 362 (Pa. Super. 2005):

> [W]hile a guilty plea which includes *sentence negotiation* ordinarily precludes a defendant from contesting the validity of his or her sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, *open plea* agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence.

*Id.* at 365 n. 5 (citations omitted) (emphasis in original). As noted above, Appellant entered an open plea. Therefore, he is not precluded from contesting the discretionary aspects of his sentence.

guideline sentence that exceeded the Commonwealth's recommendation and did not explain its reason for doing so." Appellant's Brief at 11. However, a sentence that exceeds the Commonwealth's recommendation cannot be equated to a sentence above the guidelines. As the trial court noted, "Appellant was sentenced to a period of incarceration within the statutory guideline range." Rule 1925(a) Opinion, 2/3/22, at 4 (unnumbered). Further, with respect to Appellant's contention the trial court did not state reasons on the record for the sentence imposed, Appellant ignores the fact the trial court had the benefit of a pre-sentence investigation report. "Where the sentencing judge had the benefit of a pre-sentence report, it will be presumed that he was aware of relevant information regarding appellant's character and weighed those considerations along with the mitigating statutory factors." *Commonwealth v. L.N.*, 787 A.2d 1064, 1071-72 (Pa. Super. 2001).

Because Appellant has not advanced a colorable argument that the trial court's actions were inconsistent with a specific provision of the Sentencing Code or were contrary to the fundamental norms that underlie the sentencing process, he has failed to present a substantial question for our review. Therefore, he is not entitled to relief.

We note, however, that even if we were to accept Appellant's contention that he presented a substantial question, we would nevertheless deny him relief. As the trial court explained:

> [T]he combination of a presentence report and a standard range sentence, without more, cannot be excessive or unreasonable.

> ***Commonwealth v. Cruz-Centeno***, 668 A.2d 536, 546 (Pa. Super. 1995).
>
> The sentencing court also has the discretion to impose its sentences concurrent or consecutive to other sentences being imposed at the same time. ***Commonwealth v. Johnson-Daniels***, 167 A.3d 17, 28 (Pa. Super. 2017). When the court relies on the defendant's prior criminal history and finds that the defendant is a high risk to re-offend and a danger to the public, consecutive sentences are not clearly unreasonable. ***Commonwealth v. Klueber***, 904 A.2d 911, 911 (Pa. 2006).
>
> Here, [Appellant's] claims are without merit. In crafting the appropriate sentence, the court considered [Appellant's] personal and work history, the presentence investigation report, the victim impact statement, the risk Appellant posed to the community, as well as the sentencing guidelines and penalties authorized by the legislature. Additionally, the court considered arguments by both defense counsel and the Commonwealth at the sentencing hearing. Commonwealth requested the consideration of the victim impact statement in rendering the verdict and asked the court to carefully consider the sentencing guidelines due to their reflection of [Appellant's] prior record.
>
> In the argument presented by defense counsel, [Appellant's] employment, extensive family background, and time period of prior convictions were highlighted for the court to consider. Despite most of [Appellant's] criminal history being several years old, the court noted it was particularly concerned that this was [Appellant's] second violation of the person not to possess/use firearms charge. Upon consideration of the mitigating circumstances presented in this matter, Appellant was sentenced to a period of incarceration within the statutory guideline range.

Rule 1925(a) Opinion, 2/3/22, at 3-4 (unnumbered) (references to sentencing hearing transcript omitted; some capitalization omitted and minor alterations made).

We discern no abuse of discretion in the trial court's imposition of Appellant's sentence. Therefore, even if we would accept Appellant's

contention that he raised a substantial question for our review, we would not disturb the trial court's sentence.

Judgment of sentence affirmed.

Judge Colins joins the memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2022