J-S27007-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                :              PENNSYLVANIA
                                :
          v.                      :
                                :
                                :
SHAWN D. STRYKER                :
                                :
          Appellant            :    No. 173 MDA 2023

Appeal from the Judgment of Sentence Entered December 29, 2022
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0000430-2021

BEFORE:  BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

MEMORANDUM BY BENDER, P.J.E.:           **FILED OCTOBER 11, 2023**

Appellant, Shawn D. Stryker, appeals from the aggregate judgment of sentence of 6 to 20 years' incarceration, imposed after he pled guilty to six counts of aggravated assault under 18 Pa.C.S. §§ 2702(a)(2), (a)(3), and (a)(6), as well as single counts of recklessly endangering another person, 18 Pa.C.S. § 2705, and possessing an instrument of crime, 18 Pa.C.S. § 907(b). On appeal, Appellant solely contends that the trial court abused its discretion in fashioning his sentence.  After careful review, we affirm.

The trial court set forth a detailed summary of the facts and procedural history underlying Appellant's case, which we need not reproduce in full herein.  ***See*** Trial Court Opinion (TCO), 3/27/22, at 1-7.  We only briefly note that Appellant's convictions stemmed from a standoff with police during which Appellant fired shots at two of the officers, who were thankfully unharmed. Appellant was initially deemed incompetent to stand trial and was committed

to a state mental hospital for nearly one year before he was deemed to be competent to proceed. Appellant pled guilty to the above-stated offenses on September 16, 2022. After a pre-sentence investigation report was completed, the court sentenced Appellant on December 29, 2022, to the aggregate term set forth *supra*, which included two, consecutive terms of 3 to 10 years' imprisonment for two of his aggravated assault convictions. Appellant received concurrent terms of 2 to 10 years' imprisonment for his remaining aggravated assault offenses, and no further sentence of incarceration for his other convictions.

Appellant filed a timely, post-sentence motion, which the court ultimately denied. He then filed a timely notice of appeal, and he complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court filed its Rule 1925(a) opinion on March 27, 2022. Herein, Appellant states one issue for our review:

> I. Was the trial court's aggregate sentence of 6 to 20 years of incarceration so manifestly excessive under the circumstances of the instant case, especially considering [Appellant's] severe mental health issues at the time of the incident, and was the imposition of consecutive sentences an abuse of the court's discretion?

Appellant's Brief at 6.

Appellant's issue implicates the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, … 909 A.2d 303 ([Pa.] 2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, … 831 A.2d 599 ([Pa.] 2003).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. **Commonwealth v. Paul**, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Sierra, supra** at 912–13.

**Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting

**Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010)).

Instantly, Appellant preserved his sentencing claim in his post-sentence motion, he filed a timely appeal, and he has included a Rule 2119(f) statement in his appellate brief, thereby meeting the first three requirements for review of a discretionary-aspects-of-sentencing claim. Regarding the fourth requirement of stating a substantial question, Appellant contends that his sentence is "clearly unreasonable" and "manifestly excessive" given the imposition of consecutive terms of incarceration. Appellant's Brief at 12. He

insists that in imposing consecutive sentences, the court failed to consider his "incompetency at the time of the offense and his drastic improvement while receiving treatment and medication…." *Id.* at 13-14. We agree with Appellant that his argument constitutes a substantial question for our review. *See Commonwealth v. Swope*, 123 A.3d 333, 339 (Pa. Super. 2015) ("[A]n excessive sentence claim – in conjunction with an assertion that the court failed to consider mitigating factors – raises a substantial question.") (citation omitted); *Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015) (finding that Caldwell's "challenge to the imposition of his consecutive sentences as unduly excessive, together with his claim that the court failed to consider his rehabilitative needs upon fashioning its sentence, presents a substantial question").

In reviewing the merits of Appellant's sentencing challenge, we are mindful that,

> [s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006).

Instantly, in assessing Appellant's claim that his aggregate term of incarceration is excessive and unreasonable, we have reviewed the arguments set forth in his brief, the Commonwealth's response, the certified record, and

the applicable law. We have also examined the thorough opinion of the Honorable Jeffery D. Wright of the Court of Common Pleas of Lancaster County. We conclude that Judge Wright's analysis demonstrates that he carefully considered the Sentencing Guidelines, the information set forth in Appellant's presentence report, the mitigating circumstances and characteristics of Appellant, his rehabilitative needs, the seriousness of the offenses, and the protection of the public. *See* 42 Pa.C.S. § 9721(b); 42 Pa.C.S. § 9781(d). We discern no abuse of discretion in Judge Wright's decision to impose consecutive sentences, or in the aggregate term of incarceration he fashioned in this case. Thus, we adopt Judge Wright's opinion as our own and affirm Appellant's judgment of sentence for the reasons set forth therein.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/11/2023

# IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
## C R I M I N A L

COMMONWEALTH OF PENNSYLVANIA          :
                                      :
                                      :
            v.                        :          0430-2021
                                      :
                                      :
SHAWN D. STRYKER                      :

## PA. R.A.P. 1925 OPINION

BY: WRIGHT, J.                                    March  27ᵗʰ___, 2022

Shawn D. Stryker ("Appellant") has filed a direct appeal to the Superior

Court of Pennsylvania from the Judgment of Sentence imposed on December

29, 2022, as finalized by my January 23, 2023, Order denying his Post Sentence

Motion. This Opinion is written pursuant to Rule 1925(a) of the Pennsylvania

Rules of Appellate Procedure. For the reasons set forth below, the appeal is

without merit and should be denied.

## BACKGROUND

On January 3, 2021, West Hempfield Township Police Officers were

dispatched to 501 Goldfinch Drive, Lancaster, Pennsylvania, to investigate a

domestic incident. (Criminal Complaint, Affidavit of Probable Cause, Jan. 6,

2021, at ¶ 1). The 911 caller, Rebecca Valentine, told the dispatcher that

Appellant, her paramour, was "unstable and armed with a rifle . . . and a

1

handgun" and that he was threatening "to harm himself and also pointed one of the guns ... at her." (Id.) When Officers arrived at the home, Ms. Valentine was leaving the residence but Appellant remained inside. (Id., at ,i 3). The responding Officers contacted Appellant by phone and spoke with him for approximately seven minutes, asking him to put down any weapons he had and to come outside to speak with them. (Id.,) Appellant refused and the Officers began evacuating the residents of neighboring properties for their safety. (Id. at ,i,i 4-5).

The Sheriff's Emergency Response Team (SERT) eventually responded to the area and SERT Negotiators again made contact with Appellant by phone. (Id., at ,i, 7-10). After repeated demands by the SERT Negotiators, Appellant eventually emerged from the residence. However, when he exited, he pointed a rifle toward the SERT members. (Id., at, 11). A SERT member fired toward Appellant and Appellant retreated into the residence. Appellant proceeded to fire shots on the SERT members from inside the home. Approximately one hour later, Appellant again exited the home and was taken into custody. (Id.)

Appellant was charged the following offenses: two counts of Aggravated Assault-Attempts to Cause or Causes Serious Bodily Injury to Designated Individuals, Felonies in the First Degree; two counts of Aggravated Assault-Attempts to Cause or Causes Bodily Injury to Designated Individuals, Felonies in the Second Degree; two counts of Aggravated Assault-Causes Fear of

2

Imminent Serious Bodily Injury to Designated Ind1v1duals, Felonies of the Second Degree; one count of Recklessly Endangering Another Person, a Misdemeanor of the Second Degree; and one count of Possession of a Firearm, a Misdemeanor of the First Degree.1

On April 5, 2021, counsel for Appellant, Samuel C. Stretton, Esquire, filed a Motion requesting a competency evaluation, alleging, *inter* alia, that Appellant's "mental status [had] become very fragile," that Appellant "believe[d] he was appointed by God as a Six-Star General to do battle with the Evil World," and that Appellant was "obsessed with auditory and visual hallucinations." (Motion of the Defendant, Shawn Stryker, For a Competency Examination, Apr. 5, 2021, at ,i,i 1-2). I granted the Motion on April 15, 2021.

On October 25, 2021, following a stipulation of counsel regarding Appellant's competency evaluation, I entered an order accepting the report of the evaluating physician and finding Appellant incompetent to proceed. My October 25th Order committed Appellant for involuntary inpatient treatment and required Appellant to be reevaluated no more than 90 days later, and every 90 days thereafter until such time as Appellant regained competency to proceed. On April 25, 2022, after conferring with Appellant's Counsel and the Assistant District Attorney assigned to the matter regarding Appellant's refusal to take

---

1 In violation of 18 Pa.C.S.A. § 2702(a)(2); 18 Pa.CS.A.§ 2702(a)(3); 18 Pa.C.S.A. § 2702(a)(6); 18 Pa.CS.A.§ 2705; and 18 Pa.C.S.A. § 907(b).

3

any medication, I entered an Order allowing Appellant's treating physicians to administer the appropriate medication to Appellant to treat and overcome his psychosis.

After it was determined that he had regained competency to proceed, Appellant entered an open guilty plea to all charges on September 16, 2022. I deferred sentencing and ordered a Pre-Sentence Investigation (PSI). On December 29, 2022, following receipt of Appellant's PSI, I sentenced Appellant to an aggregate term of 6 to 20 years SCI as follows:

> Count 1, aggravated assault, serious bodily injury, attempted, Officer John Bardo, 3 to 10 years SCI, plus costs.
>
> Count 2, ag assault, serious bodily injury, attempted, Nelson Moreno, 3 to 10 years, plus costs, consecutive to Count 1.
>
> Counts 3 through 6, attempted ag assault, bodily injury attempted, 2 to 10 years SCI each, concurrent with each other, concurrent to Count 2, plus costs.
>
> Count 7, REAP, costs. Count 8, possession of a weapon, costs.

(Notes of Testimony, Sentencing Hearing, Dec. 29, 2022. at 12:18-13:3).

During the Sentencing Hearing, 1 provided the reasoning behind the sentence imposed, explaining:

> Mr. Stryker, under the law, I must look at the sentencing options, which are consistent with the protection of the public, the gravity of the underlying crimes as they relate to our community and, **of course, I look at your rehabilitative needs.** In doing so I've considered the nature and circumstances of the underlying crimes, the information I have about you from your statement to me,

4

your daughter's statement, the arguments of counsel and, of course, **the presentence investigation** as well as sentencing guidelines, which must be applied as a matter of law.

I've considered all of these factors and impose sentence for the following reasons: The [Appellant] is 51 years of age, which shows sufficient maturity to understand the significance of his acts. The [Appellant] is intelligent enough to understand the significance of his acts, since he obtained his GED. The [Appellant] has a criminal history consisting of, by my count, six prior adult convictions. **I've considered the presentence report in detail,** the guidelines of the sentencing code. I've considered the penalties authorized by the legislature. I've considered the character of the [Appellant], argument of your attorney as well as, again, your statement and the statement of your daughter. **I've read and considered the psychological and psychiatric evaluations attached to the PSI.**

Because of prior contacts with the Court, I believe society needs to be protected and there needs to be a deterrent and there's also the undue risk if given a sentence of probation or partial confinement, he will commit another crime. Incarceration is warranted because a lesser sentence would depreciate the seriousness of the crimes.

**You are in need of correctional treatment that would be most effectively provided by your commitment to an institution.**

Mr. Stryker, you are alive today for one reason and one reason only. On January 3, 2021, Officer John Bardo and Officer Nelson Moreno allowed you to live. After you took two shots at them, they would have been entirely Justified to return that fire to what was, according to the file, a very clear and easy target. They didn't do it. They showed restraint. They showed the result of thorough training and, most of all, they showed mercy. For that I am in awe and for that, for every day you have been alive since January 3, 2021 and every day you live after, you should show gratitude.

5

(Id., at 10: 25-12: 17) (emphasis supplied).

Appellant's trial counsel also spoke at the Sentencing Hearing, noting:

I've known Mr. Stryker for a long time. I've represented him on some earlier matters.

When I first met him, he had a nice business, had a number of people working for him and, you know, on the whole, some DU!s, but a responsible person. As you can see . . . he met a woman and got involved with her. She got him involved with crystal meth and he was off and running. As you saw from the presentence report, he is using almost every day until he was arrested in these matters,

Also, because of the use of crystal meth or in addition to it, he developed a psychosis, which continued long after he stopped using crystal meth. During that time period, leading up to these events, I was talking to him regularly and he was telling me about God and he's God's general and he had to fight battles. you can talk to him rationally at one level and at another level, he's out there.

\* \* \*

He was evaluated and at some point they found him incompetent. They did the best thing they could for him by getting him in Norristown.

At some point when he didn't take the medication, Your Honor, 1 felt, very wisely, ordered him to take the medicine. And when he did, it was like a change. People at Norristown were shocked how much he changed so quicky when the medicine did take effect.

I've talked to him a number of times since then and he has certainly gained a different perspective. He said he just wasn't thinking clearly. That's not an excuse. I'm not trying to make an excuse.

\* \* \*

6

It's a serious case. You can't go around shooting at police officers. Lucky no one was injured, killed. Lucky he wasn't killed in this particular matter. Not acceptable,

On the other hand, driven by mental illness to a large extent.

As you know, originally, the doctor told me to do an insanity defense.

**I said no, I don't think he is insane. I think he needs to accept responsibility, which he has done. That's' a good thing.**

(Id., at 6: 16-9: 13) (emphasis supplied).

On January 6, 2023, Appellant filed a Post Sentence Motion to Modify and Reconsider the Sentence, I denied Appellant's Motion on January 23, 2023. Appellant thereafter filed a Notice of Appeal to the Superior Court from the December 29, 2022, Judgment of Sentence. On February 2, 2023, I entered an Order directing Appellant to file a statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) and requiring the Commonwealth to file a response. Appellant filed his Statement of Errors on February 10, 2023, and the Commonwealth responded on February 21, 2023.

## DISCUSSION

In his Statement of Errors, Appellant argues that the "basis for the appeal is an abuse of discretion, even though [the sentence imposed] was below the guidelines." (1925(b) Statement of the Defendant, Shawn Stryker, Feb. 10, 2023, at ¶ 3). Appellant claims that I erred because I "did not factor in, at the

7

time of sentencing, the severe mental illness that [he] had suffered from at the time of his misconduct." *Id.*

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." <u>Commonwealth v. Griffin,</u> 65 A.3d 932, 937 (Pa. Super. 2013). An "abuse of discretion is not shown merely by an error in judgment." *Id.* Instead, "the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or illwill, or arrived at a manifestly unreasonable decision." *Id.*

In discussing the rationale behind granting such deference to the sentencing court, the Pennsylvania Supreme Court has stated:

> [T]he sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it . . . . Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed. Even with the advent of the sentencing guidelines, the power of sentencing is a function to be performed by the sentencing court.

<u>Commonwealth v. Walls</u>, 926 A.2d 957, 961-62 (Pa. 2007).

8

The sentencing court also has the discretion to impose its sentences concurrent or consecutive to other sentences being imposed at the same time. Commonwealth v. Johnson-Daniels, 167 A.3d 17, 28 (Pa. Super. 2017). When the court relies on the defendant's prior criminal history and finds that the defendant IS a high risk to re-offend and a danger to the public, consecutive sentences are not clearly unreasonable. See Commonwealth v. Klueber, 904 A.2d 911,911 (Pa. 2006).

Finally, the "Supreme Court has determined that where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that were the court has been so informed, its discretion should not be disturbed." Commonwtlalth v. Ventura, 975 A.2d 1128, 1133 (Pa. Super. Ct. 2009) (citing Co mmonwealth v. Dev ers, 546 A.2d 12 (Pa. 1988)).

Instantly, as noted above, Appellant concedes that the sentencing guidelines for Counts 1 and 2 provide a standard sentencing range of 48 to 60 months incarceration. Appellant also acknowledges that on both Counts 1 and 2, I imposed a minimum sentence of 36 months-which is in the **mitigated** range. Although I also imposed guideline-range sentences on Counts 3 through 8, I made all periods of incarceration concurrent to those imposed on Counts 1 and 2. Further, because Appellant fired shots at two Officers, Appellant undoubtedly poses a grave

9

risk to the public and my decision to impose consecutive sentences on Counts 1 and 2 is not clearly unreasonable.

Appellant claims that I did not factor in the severe mental illness that he allegedly suffered from at the time of his misconduct. However, the transcript of the Sentencing Hearing demonstrates that I carefully considered Appellant's rehabilitative needs and the psychological and psychiatric evaluations provided to me. In addition to being intimately familiar with the facts of the case and with Appellant's mental health from my involvement with the matter prior to Appellant's decision to enter a guilty plea, I relied on all of the information presented to me in the PSI when fashioning Appellant's sentence.

Interestingly, although Appellant claims on appeal that he was clearly suffering from a severe psychosis during the pertinent times, his own trial counsel admitted at sentencing that he **chose not to pursue an insanity defense** because counsel did not think that Appellant was "insane." Instead, trial counsel emphasized that Appellant needed to "accept responsibility" for his actions.

For these reasons, Appellant simply has no basis to claim that I manifestly abused the discretion afforded to me to fashion a sentence that I deemed appropriate. I correctly applied the sentencing guidelines and relied on the PSI in imposing a mitigated-range sentence that acknowledged the grave danger that Appellant created by firing at Police

10

Officers who risked their lives to try to help him and who showed mercy in sparing his life.

## **CONCLUSION**

For these reasons, each of the errors that Appellant complains of are without merit and the appeal should be denied. Accordingly, I enter the following:

# IN THE COURT OF COMMON PLUS OP LANCASTER COUNTY, PENNSYLVANIA
## CRIMINAL

COMMONWEALTH OF PENNSYLVANIA     :
:
:
v.                            :     0430-2021
:
:
SHAWN O. STRYKER            :

## ORDER

**AND NOW,** this _21_ day of March, 2023, the Court hereby submits this Opinion pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure.

BY THE COURT:

JEFFERY D. WRIGHT
JUDGE

ATTEST:

Copies to:    Diana C. Kelleher, Esquire, Public Defender's Office
                Andrew Gonzalez, Esquire, District Attorney's Office